403 So.2d 867 (1981)
Alan H. HARRIGILL
v.
STATE of Mississippi.
No. 53054.
Supreme Court of Mississippi.
September 16, 1981.
Merrida P. Coxwell, Jr., Jackson, Donald J. Steighner, Columbus, for appellant.
Bill Allain, Atty. Gen., by Karen A. Gilfoy, Asst. Atty. Gen., Jackson, for appellee.
*868 Before SMITH, P.J., and BOWLING and HAWKINS, JJ.
HAWKINS, Justice, for the Court:
The appellant Harrigill, an attorney, was indicted by the grand jury of the First Judicial District of Hinds County on July 5, 1978, for the crime of obtaining money under false pretenses as prohibited by Mississippi Code Annotated § 97-19-39 (1972), convicted and on November 17, 1978, sentenced to serve a term of three (3) years in the Mississippi Department of Corrections and pay a fine of $50,000. He was also disbarred.
On March 12, 1980, this Court affirmed the conviction and judgment of the lower court, and on April 2, 1980, a petition for rehearing was denied. Harrigill v. State, 381 So.2d 619 (Miss. 1980). Pursuant to the mandate issued from this Court, Harrigill was incarcerated with the Department of Corrections at Parchman.
On November 7, 1980, Harrigill filed in the circuit court of the First Judicial District of Hinds County a motion entitled, "Motion to Modify Original Confinement Order to Exclude Imprisonment Upon Basis of Criminal Fine." The motion requested the court to enter an order amending its original sentence by making a finding that Harrigill was at the time of the motion unable financially to pay the criminal fine and by removing the criminal fine as a basis for any future criminal confinement or imprisonment. He supported the motion with an affidavit. A hearing was conducted by the circuit judge on the merits of the motion, at which time Harrigill testified he was eligible for parole, and that the parole board would release him, subject only to payment of the fine.
On January 21, 1981, the trial judge denied the motion as being unsupported by and contrary to the evidence adduced. The judge further found that Harrigill had not complied with Mississippi Code Annotated § 99-19-20 (Supp. 1980) concerning the impositions of fines.[1]
Harrigill has appealed, and the state has filed a cross-appeal, assigning as ground therefor the circuit judge lacked jurisdiction to hear this cause.
In Denton v. Maples, 394 So.2d 895 (Miss. 1981), we announced what we thought was already manifest: once a case has been appealed from the circuit court to this Court, the circuit court loses jurisdiction to amend or modify its sentence. If the case is affirmed, the lower court is issued a mandate to perform purely ministerial acts in carrying out the original sentence. There is no authority in the circuit court, or indeed this Court, following the issuance of a mandate affirming the case, to modify a judgment and sentence theretofore imposed. In the absence of some statute authorizing *869 such modification, and presently there is none, once a case has been terminated and the term of court ends, a circuit court is powerless to alter or vacate its judgment.
When a criminal case has been completed and the term of court ends, unless the circuit court has deferred sentence, or placed the defendant upon a suspended sentence and retained jurisdiction for this specific purpose as authorized by statute, the power of the circuit court to alter or amend its sentence is terminated. If the case is duly appealed to this Court, this Court has appellate jurisdiction to either affirm, reverse and remand, or reverse and render the judgment the lower court should have rendered. It is only when the case is remanded for a new trial that the circuit court is again invested with discretionary authority with reference to that particular case.
The only avenue of relief available for people incarcerated is through the executive branch of our government, unless there is some statutory or constitutional right being violated, in which latter event to address the appropriate court by an appropriate original proceeding. Following conviction and final termination of a case, however, neither the circuit court nor this Court has power to simply review a case and decide whether or not the original sentence should be amended in any way. Any attempt to do so is a nullity. See State v. Dunn, 111 N.H. 320, 282 A.2d 675 (1971); Hulett v. State, 468 S.W.2d 636 (Mo. 1971); People v. Fox, 312 Mich. 577, 20 N.W.2d 732 (1945), 168 A.L.R. 703; 24B C.J.S. Criminal Law § 1952(7).
In Hayes v. State, 46 Wis.2d 93, 175 N.W.2d 625 (1970), the Court held the trial court had an inherent power to reduce a sentence, but to permit such discretion provided only application therefor was made within one year following judgment. In the absence of specific statutory authority therefor, we decline to follow such holding.
This holding, of course, is without prejudice to any department of the Executive Branch of our State Government making whatever decision it deems appropriate and lawful in the case of the defendant, and also without prejudice to the defendant's asserting any statutory or constitutional right by original petition in an appropriate legal forum. A court does have inherent power to correct judgments obtained through fraud, accident or mistake, which is reviewable through a writ of error coram nobis. However, this is not such a case. See McNeeley v. Blain, 255 So.2d 923, 925 (Miss. 1971); City of Starkville v. Thompson, 243 So.2d 54, 55 (Miss. 1971); Corry v. Buddendorff, 98 Miss. 98, 54 So. 84 (1911).
Reversed on cross-appeal and case dismissed for lack of jurisdiction.
REVERSED ON CROSS-APPEAL AND RENDERED.
PATTERSON, C.J., SMITH and ROBERTSON, P. JJ., and SUGG, WALKER and BROOM, JJ., concur.
LEE and BOWLING, JJ., took no part.
NOTES
[1] § 99-19-20 states:

(1) When any court sentences a defendant to pay a fine the court may order (a) that the fine be paid immediately, or (b) that the fine be paid in installments to the clerk of said court or to the judge, if there be no clerk, or (c) that payment of the fine be a condition of probation, or (d) that the defendant be required to work on public property for public benefit under the direction of the sheriff for a specific number of hours, or (e) any combination of the above.
(2) The defendant may be imprisoned until the fine is paid if the defendant is financially able to pay a fine and the court so finds, subject to the limitations hereinafter set out. The defendant shall not be imprisoned if the defendant is financially unable to pay a fine and so states to the court in writing, under oath, after sentence is pronounced, and the court so finds, except if the defendant is financially unable to pay a fine and such defendant failed or refused to comply with a prior sentence as specified in subsection (1) of this section, the defendant may be imprisoned.
This subsection shall be limited as follows:
(a) In no event shall such period of imprisonment exceed one (1) day for each ten dollars ($10.00) of the fine.
(b) If a sentence of imprisonment, as well as a fine, were imposed, the aggregate of such term for nonpayment of a fine and the original sentence of imprisonment shall not exceed the maximum authorized term of imprisonment.
(c) Credit shall be earned for work performed under subsection (1)(d) above at the rate of the highest current federal minimum wage.
(3) Periods of confinement imposed for nonpayment of two (2) or more fines shall run consecutively unless specified by the court to run concurrently.