# IN THE SUPREME COURT OF MISSISSIPPI
## NO. 97-CA-01487-SCT

*CODY WAYNE DICKERSON*

*v.*

*STATE OF MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 10/16/97 |
| TRIAL JUDGE: | HON. KOSTA N. VLAHOS |
| COURT FROM WHICH APPEALED: | HARRISON COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | DALE ROBINSON |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: BILLY L. GORE |
| DISTRICT ATTORNEY: | CONO CARANNA |
| NATURE OF THE CASE: | CIVIL - POST CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 01/21/1999 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE SULLIVAN, P.J., BANKS AND ROBERTS, JJ.**

**ROBERTS, JUSTICE, FOR THE COURT:**

## STATEMENT OF THE CASE

¶1. On February 27, 1996, the Appellant, Cody Wayne Dickerson (hereinafter "Dickerson"), entered a voluntary plea of guilty to sexual battery in the Circuit Court of Harrison County, Mississippi, the Honorable Kosta N. Vlahos presiding. As a result, Dickerson was sentenced on May 29, 1996 to serve 15 years in the Mississippi Department of Corrections with seven (7) years suspended and eight (8) years to serve. Two (2) days later, Dickerson filed a motion for reconsideration of the sentence and requested a hearing. After reserving the issue of jurisdiction, the circuit judge conducted two (2) post-guilty plea hearings on August 9, 1996 and October 7, 1996. On October 7, 1996, the judge issued a ruling from the bench re-sentencing Dickerson to 15 years with 10 suspended and five (5) years to serve. However, an order was never entered reflecting this bench ruling.

¶2. A year later, on October 8, 1997, Judge Vlahos declared his earlier bench ruling a nullity, thereby reinstating Dickerson's original May 29, 1996, sentence of 15 years with seven (7) suspended and eight (8) to serve. On October 16, 1997, the judge entered an order denying Dickerson's motion to enter a correct sentencing order and/or to correct sentencing order. The judge found that the term of court at which the

defendant was originally sentenced had ended and the court was powerless to alter his sentence.

¶3. Aggrieved by the circuit judge's decision, Dickerson appeals to this Court raising the following issues:

**I. DUE TO A CONFLICT AND/OR AMBIGUITY BETWEEN THE MISSISSIPPI STATUTES, THE MISSISSIPPI RULES OF COURT AND THE APPLICABLE CASE LAW, THE LENITY RULE SHOULD BE APPLIED.**

**II. DICKERSON IS ENTITLED TO RELIEF AS HE ENDEAVORED TO OBTAIN RELIEF FROM A FINAL JUDGMENT BEFORE THE EXPIRATION OF 10 DAYS.**

**III. THE CIRCUIT JUDGE ERRONEOUSLY FAILED TO ENTER A NEW SENTENCING ORDER REFLECTING HIS BENCH RULING WHICH LESSENED DICKERSON'S SENTENCE.**

**IV. PROCEDURAL RULES SHOULD BE DISREGARDED WHERE SUCH IS NECESSARY TO AVOID A MISCARRIAGE OF JUSTICE.**

¶4. Judge Vlahos' original sentencing order denying Dickerson's motion for reconsideration of sentence was proper. Therefore, the decision of the court below is affirmed.

## STATEMENT OF FACTS

¶5. During the February 1996 Term of the Circuit Court of Harrison County, on February 27, 1996, Cody Wayne Dickerson, a seventeen-year-old, single, white male and resident of Biloxi , Mississippi, waived indictment and entered a voluntary plea of guilty to sexual battery. Dickerson admitted to having participated in some manner of oral sex with a six-year-old boy in Biloxi. Sentencing was deferred until a pre-sentence report could be compiled by the Mississippi Department of Corrections. That report was filed on April 19, 1996.

¶6. Approximately three (3) months following Dickerson's guilty plea, on May 29, 1996, Judge Vlahos entered a final sentencing order which read in relevant part:

Ordered that the defendant is hereby sentenced to **Fifteen (15) Years, suspend Seven (7) Years, leaving Eight (8) Years to serve** in the custody of the Mississippi Department of Corrections in accordance with Section 47-7-3 (b) of the Mississippi Code of 1972. Accordingly, the defendant shall not be released on parole.

¶7. On May 31, 1996, Dickerson filed a "Motion for Reconsideration of Sentencing."

¶8. On or about July 3, 1996, a "Notice of Criminal Disposition" was forwarded to the MDOC by the Circuit Clerk of Harrison County.

¶9. An evidentiary hearing was conducted on August 9, 1996, during which several witnesses testified on behalf of Dickerson. The record does not reflect why the motion was not heard before the end of the June and July terms of court. During this hearing, Judge Vlahos specifically stated:

I'm going to go ahead and let them testify and I'll decide after they testify whether or not I even have any jurisdiction in the event that I so desire to change the previous sentence.

¶10. On October 7, 1996, at the conclusion of a further hearing on the motion to reconsider the sentence, Judge Vlahos issued from the bench the following ruling:

> In reviewing the matter, and this has weighed heavily on the Court, because as I pointed out I'm not Solomon, I'm not perfect, the number of years may be somewhat excessive. **And so what I will do is I'll keep the 15 years, but I'll suspend 10 and give him 5 years to serve. That will be the final order from which you can make any appeal that you wish to make.** But instead of eight years you'll have five years to serve, and that will be the ruling of the court. The motion to reconsider is I guess affirmed in part and denied in the major part. I've reconsidered that sentence and given him five years to serve. I don't think by any stretch of the imagination it should be probation.

(emphasis added). An amended sentencing order reflecting the above bench ruling was never entered.

¶11. Dickerson submitted a final Sentencing Order to Judge Vlahos on June 2, 1997, which requested that if the order ". . . meets with your approval, please sign same and file it with the clerk of court."

¶12. Nearly three (3) months later, on August 20, 1997, Dickerson filed a pleading styled "Motion to Enter Correct Sentencing Order and/or Correct Sentencing Order, Suggestion of Law, and Appropriate Relief."

¶13. Judge Vlahos conducted a hearing on October 8, 1997, for the purpose of litigating the merits of Dickerson's motion to enter a corrected order. During this hearing, the judge declared, ". . . whatever bench ruling that I made modifying the sentence at a later time is a nullity." On October 16, 1997, Judge Vlahos entered a two (2) page order denying Dickerson's motion to enter correct sentencing order and\or to correct sentencing order. It stated, in its pertinent parts, the following:

> The only statutory authority to resentence the movant is the Post Conviction Relief Act. This act establishes the criteria which must be present before the court acquires jurisdiction to consider resentencing a criminal. In this case, there is no filing under the Post Conviction Relief Act, the term of court at which the defendant was sentenced had ended, and, the defendant had begun to serve his sentence, therefore the court is powerless to alter or vacate movant's sentence. To hold otherwise would serve to continue the judicial problems revealed in the ***Russell*** case, *supra*.

¶14. Taking exception with the lower court's denial of his motion, Dickerson now appeals to this Court.

**DISCUSSION OF THE ISSUES**

### I. DUE TO A CONFLICT AND/OR AMBIGUITY BETWEEN THE MISSISSIPPI STATUTES, THE MISSISSIPPI RULES OF COURT AND THE APPLICABLE CASE LAW, THE LENITY RULE SHOULD BE APPLIED.

¶15. Dickerson first argues that a conflict exists in Mississippi between the case law, statutes and procedural rules, upon which Judge Vlahos relied, regarding the sentencing of a criminal defendant. Dickerson asserts that this ambiguity should be resolved in his favor. according to the Lenity Rule. Black's Law Dictionary defines the Lenity Rule as follows: "[t]his rule provides that where there is ambiguity in the language of a statute concerning multiple punishment, ambiguity should be resolved in favor of lenity in sentencing." BLACK'S LAW DICTIONARY 902 (6th ed. 1990).

¶16. Judge Vlahos' decision to deny Dickerson's motion was based on our holding in *Mississippi Commission on Judicial Performance v. Russell*, 691 So. 2d 929 (Miss. 1997); *See also Denton v. Maples*, 394 So. 2d 895 (Miss. 1981); *Harrigill v. State*, 403 So. 2d 867 (Miss. 1981); *Griffin v. State*, 565 So. 2d 545 (Miss. 1990).

¶17. In *Russell* we upheld a decision by the Commission on Judicial Performance to sanction a circuit court judge for releasing state prisoners from jail without authority to do so. We held specifically in *Russell* that:

> This Court has held "[i]n the absence of some statute authorizing such modification, and presently there is none, once the case has been terminated and the term of court ends, a circuit court is powerless to alter or vacate its judgment." *Harrigill v. State*, 403 So. 2d 867, 868-869 (Miss. 1981). The language utilized by this Court in *Harrigill* is clear that there is no inherent authority to alter or vacate a judgment, but rather legislation is required
>
> . . . .
>
> In light of our precedent, there is no indication that circuit court judges have inherent authority to modify sentences after the end of the term of court during which the sentence [was] given.

*Russell*, 691 So. 2d at 943-44.

¶18. This Court holds that a judge may not alter or vacate a sentence once the term of court in which the defendant was sentenced has ended.

¶19. The record reflects that the learned judge agonized over his original decision to send Dickerson to prison for eight (8) years. There was evidence to suggest that Dickerson's behavior was an isolated incident and that he posed little threat of future pedophilia. Once the initial public outcry subsided and some of the mitigating factors surrounding the incident began to surface, Judge Vlahos, perhaps began to believe that his original sentence was too severe. The bench ruling decreasing Dickerson's sentence was a manifestation of this belief.

¶20. However, once the term of court expired wherein Judge Vlahos issued the May 29, 1996 sentence of eight (8) years, his jurisdiction to alter or vacate said sentence was likewise extinguished. When Judge Vlahos issued the October 8, 1997 bench ruling decreasing Dickerson's sentence, he was operating outside of his boundary of authority as a circuit judge. However, Judge Vlahos realized little more than a week later that his ruling was in error. He subsequently corrected this error when he denied Dickerson's motion in his October 16, 1997 order.

¶21. In light of the clear mandate that this Court has established in *Russell* and its predecessors, no ambiguity is present and thus application of the Lenity Rule in unwarranted and unavailable. Thus, this claim is denied.

## II. DICKERSON IS ENTITLED TO RELIEF AS HE ENDEAVORED TO OBTAIN RELIEF FROM A FINAL JUDGMENT BEFORE THE EXPIRATION OF 10 DAYS.

¶22. Dickerson next argues that his motion to reconsider sentence was properly before the court as it was

filed within ten (10) days after the final order issuing Dickerson's sentence. Dickerson complains that the judge did not consider the motion until after the June and July terms of court had expired. In support of his position, Dickerson cites Uniform Circuit and County Court Rule 10.05 which governs motions for new trials.

¶23. Rule 10.05(6) says in relevant part:

> A motion for a **new trial** must be made within ten days of the entry of judgment. The trial judge may hear and determine a motion for new trial at any time and in any county or judicial district within the trial judge's jurisdiction.

> The court may, with the consent of the defendant, order a new trial of its own initiative **before the entry of judgment and imposition of sentence**. . . .

URCCC 10.05(6) (emphasis added).

¶24. In *Dyer v. State*, 300 So. 2d 788, 789 (Miss. 1974), this Court stated:

> A trial judge is not charged with knowledge of every paper filed with the court clerk. It is not the duty of the judge, *ex mero motu*, to search out and bring up such matters. On the other hand, the affirmative duty rests upon a party filing a motion to follow up this action by bringing it to the attention of the judge and by requesting a hearing upon it.

¶25. In the case at bar, Dickerson filed his motion for reconsideration on May 31, 1996. This motion was not called up until August 9, 1996, when a hearing was conducted. During the final hearing on October 8, 1997, the prosecutor pointed out that the June and July terms of court came and went while Dickerson made no attempt to bring his motion up for a hearing. As stated above, it was not Judge Vlahos' responsibility to ensure that the motion was heard during the term. Dickerson had an affirmative obligation to bring his motion to the attention of the judge to ensure that it was considered before the term expired and the onus for failure to do so necessarily falls on the Dickerson.

¶26. Further, Dickerson misapplies Rule 10.05. Rule 10.05 governs motions for new trials, not motions for reconsideration of the sentence imposed following conviction. Rule 10.05 is inapplicable here because Dickerson never went to trial, but instead entered a voluntary plea of guilty. Judge Vlahos correctly stated that

> [w]e're not talking about a motion for a new trial, we're not talking about any of the other civil motions, we're talking about a decision that I think judges have to make coldly and objectively, and I think I did that on the first day that I sentenced him.

¶27. Despite the timely filing of Dickerson's motion, he failed to bring it to the attention of the judge before the end of the court. As a result, this claim is denied.

### III. THE CIRCUIT JUDGE ERRONEOUSLY FAILED TO ENTER A NEW SENTENCING ORDER REFLECTING HIS BENCH RULING WHICH LESSENED DICKERSON'S SENTENCE.

¶28. As mentioned above, Judge Vlahos' bench ruling was improper as it was issued after the term of court

in which Dickerson was sentenced had ended. If Judge Vlahos had entered an order reflecting his bench ruling, such entry would likewise have been erroneous.

¶29. Therefore, Judge Vlahos' failure to enter the new sentencing order and decision to deny Dickerson's motion were proper.

### IV. PROCEDURAL RULES SHOULD BE DISREGARDED WHERE SUCH IS NECESSARY TO AVOID A MISCARRIAGE OF JUSTICE.

¶30. Dickerson finally asserts that strict adherence to the rules of procedure in this case would create a miscarriage of justice regarding his sentence. This Court finds the argument unpersuasive.

¶31. If Dickerson believes that his sentence is improper, the statutory provisions for vacating a sentence contained in the Post-Conviction Relief Act, Miss. Code Ann. § 99-39-3, *et. seq.*, provide an adequate remedy. In that regard, Mississippi Code Annotated § 99-39-5 (1994) states

> (1) Any prisoner in custody under sentence of a court of record of the state of Mississippi who claims:

> (i) That the conviction or sentence is otherwise subject to collateral attack upon any grounds. . .may file a motion to vacate, set aside or correct judgment or sentence, . . ."

Dickerson is free to pursue his claim under this provision.

¶32. Thus, the application of the appropriate procedural rules produced no miscarriage of justice in this case.

### CONCLUSION

¶33. The original sentencing order issued by Judge Vlahos denying Dickerson's motion for reconsideration of sentence was proper. Therefore, the decision of the court below is affirmed.

¶34. **LOWER COURT'S DENIAL OF POST CONVICTION RELIEF AFFIRMED.**

**PRATHER, C.J., SULLIVAN AND PITTMAN, P.JJ., BANKS, McRAE, SMITH, MILLS AND WALLER, JJ., CONCUR.**