999 So.2d 867 (2008)
Joseph HENRY, Appellant
v.
STATE of Mississippi, Appellee.
No. 2007-CP-01435-COA.
Court of Appeals of Mississippi.
July 22, 2008.
Rehearing Denied November 18, 2008.
Certiorari Denied January 29, 2009.
*868 Joseph Henry, Appellant, pro se.
Office of the Attorney General by W. Glenn Watts, for appellee.
Before MYERS, P.J., IRVING and CARLTON, JJ.
IRVING, J., for the Court.
¶ 1. Joseph Henry pleaded guilty to the sale of cocaine and was sentenced to ten years in the custody of the Mississippi Department of Corrections as a habitual offender, with no possibility of early release or parole. Thereafter, Henry filed motions for post-conviction relief, first requesting that his sentence be reduced to five years and later alleging that his attorney was ineffective and that the State failed to offer evidence of his habitual offender status. The Harrison County Circuit Court denied Henry's motions. Henry filed a motion for reconsideration, which the circuit court also denied, finding that it was untimely. Aggrieved, Henry appeals and asserts that his sentence is illegal, that his attorney was ineffective, that the court erred in failing to grant him an evidentiary hearing before dismissing his motions for post-conviction relief, and that the court erred in dismissing his motion for reconsideration.[1]
¶ 2. Finding that the last of Henry's issues is dispositive and that the trial court did not commit error in its resolution of it, we affirm.

FACTS
¶ 3. Henry pleaded guilty to the sale of cocaine on March 6, 2006, and was sentenced to the recommended term of ten years. On August 24, 2006, Henry filed a petition for post-conviction relief in the Harrison County Circuit Court. In his petition, Henry recited his criminal history, claiming that he received his first felony conviction in 1979 and that he was released in 1983. Henry noted a 1991 charge that went to trial by a jury and resulted in a conviction that was later remanded *869 by the Mississippi Supreme Court. Henry stated that he "was given time served" after the remand. Henry also admitted to another charge in August 2002 for the sale of a controlled substance. Henry ultimately requested "to have his sentence reduced from [ten] years to five years and to have his case sent back to the circuit court for re-sentencing...."
¶ 4. Henry attached a copy of his indictment to his petition. The indictment indicated that Henry had four prior felonies: (1) a 1979 conviction for uttering a forgery and resultant two-year sentence, (2) a 1979 conviction for grand larceny and resultant two-year sentence, (3) a 1979 conviction for burglary of a dwelling and resultant two-year sentence, and (4) a 1995 conviction for burglary of a dwelling for which Henry received a sentence of four years and seven months. An opinion reversing and remanding Henry's fourth conviction can be found at Henry v. State, 652 So.2d 1131 (Miss.1995). The opinion was rendered on March 30, 1995. However, the indictment in today's case, which charges Henry as a habitual offender for the sale of cocaine, lists a burglary conviction that occurred on July 12, 1995, approximately four months after the March 30th reversal. Presumably, the July 12th conviction resulted from proceedings after remand. However, Henry's attorney alleged during a hearing that the case had been dismissed. Therefore, it is unclear from the record before us whether Henry was convicted again of the burglary that had been reversed and remanded on March 30.
¶ 5. Henry's guilty plea petition stated, in part: "I told my lawyer all the facts and circumstance [sic] known to me.... I believe that my lawyer is fully informed on all such matters. My lawyer has counseled and advised me on the nature of each charge ... and on all possible defenses that I might have in this case." The petition also set out the constitutional rights that Henry was waiving by pleading guilty. Henry indicated in the petition that he knew that the maximum sentence that he might receive was thirty years and that the sentence was up to the court. The petition again set out the four prior felonies of which Henry had been convicted. Paragraph twelve of the petition reads: "I believe that my lawyer has done all that anyone could do to counsel and assist me. I AM SATISFIED WITH THE ADVICE AND HELP HE HAS GIVEN ME...." The petition further indicated that Henry was forty-five years old, had attended two years of college, and was not under the influence of any drugs or intoxicants when he signed the petition. Henry's counsel attached a certificate to the petition, which stated: "I have read and fully explained to the defendant the allegations contained in the indictment in this case."
¶ 6. The court denied Henry's petition for post-conviction relief, finding that Henry was properly sentenced to ten years without any form of early release as a habitual offender. The court also denied another motion that Henry had made for an evidentiary hearing. The court recast Henry's evidentiary hearing motion as one for post-conviction relief alleging ineffective assistance of counsel. The court noted that "Henry was sentenced as a habitual offender pursuant to Miss.Code Ann. § 99-19-81.... Thus, pursuant to said statute, Henry's sentence was not capable of being `mitigated.'"[2] The court further *870 noted that Henry had indicated satisfaction with his attorney in his petition to enter a guilty plea.
¶ 7. On July 2, 2007, Henry filed a "Motion for Relief from Order Pursuant to FRCP Rule 60(b)." The motion purported to be one for reconsideration of the court's denial of Henry's motion for an evidentiary hearing regarding his counsel's alleged ineffectiveness. In the motion, Henry raised the State's failure to prove his habitual offender status and his counsel's ineffective representation. Henry contended that the State needed to present additional evidence of his prior convictions, either in the form of certified copies of the judgments or with certified copies of pen-packs showing his prior convictions. In the motion, Henry alleged that the transcript of his plea hearing and the other documents should be considered newly-discovered evidence.
¶ 8. Additional facts, as necessary, will be related during our analysis and discussion of the issue.

ANALYSIS AND DISCUSSION OF THE ISSUE
¶ 9. As already stated, we find the last of Henry's issues to be dispositive. Although Henry contends that the court improperly denied his motion for reconsideration due to timeliness, we find that the court correctly refused to consider Henry's motion.
¶ 10. Henry's first motion for post-conviction relief was filed on August 24, 2006, and requested only that Henry's sentence be reduced from ten years to five years. A motion requesting an evidentiary hearing was filed the same day. The court denied the requested relief on September 27, 2006. The record does not reveal any further action taken by Henry to challenge the court's decision until July 2, 2007, when Henry filed a "Motion for Relief" under Rule 60(b) of the Federal Rules of Civil Procedure. The motion was denied as untimely and without merit on July 5, 2007.
¶ 11. In denying Henry's July 2 motion, the court properly recast the motion as one for reconsideration. The court also noted that the motion should have been filed according to the Mississippi Rules of Civil Procedure, rather than the federal rules.[3] Under Rule 60(b) of the Mississippi Rules of Civil Procedure, a motion for relief must be filed within either six months or within a reasonable amount of time, depending on the reason alleged in the motion.
¶ 12. However, we find that, pursuant to Rule 59 of the Mississippi Rules of Civil Procedure, Henry's motion should have been filed within ten days of the court's judgment. Rule 59 states in part:
(a) Grounds. A new trial may be granted to all or any of the parties and on all or part of the issues ... in an action tried without a jury, for any of the reasons for which rehearings have heretofore been granted in suits in equity in the courts of Mississippi. On a motion for a new trial in an action without a jury, the court may open the judgment *871 if one has been entered, take additional testimony, amend findings of fact and conclusions of law or make new findings and conclusions, and direct the entry of a new judgment.
(b) Time for motion. A motion for a new trial shall be filed not later than ten days after the entry of judgment.
* * * *
(e) Motion to alter or amend a judgment. A motion to alter or amend the judgment shall be filed not later than ten days after entry of the judgment.
In Brooks v. Roberts, 882 So.2d 229, 233(¶ 15) (Miss.2004) (citing Boyles v. Schlumberger Technology Corp., 792 So.2d 262, 265(¶ 6) (Miss.2001)), the Mississippi Supreme Court held: "A motion for reconsideration is to be treated by the trial court as a post-trial motion under M.R.C.P. 59(e)." The Brooks court went on to explain that "in order to succeed on a Rule 59(e) motion, the movant must show: (I) an intervening change in controlling law, (ii) availability of new evidence not previously available, or (iii) need to correct a clear error of law or to prevent manifest injustice." Id. (citation omitted).
¶ 13. Therefore, as a motion for reconsideration, Henry's motion needed to be filed within ten days of September 27, 2006, in order to be timely. Instead, Henry's motion was filed on July 2, 2007, nearly ten months after the court's denial of his petition for post-conviction relief. Even if it would have been proper to consider Henry's motion under Rule 60(b) instead of under Rule 59, the motion also would have been untimely because it was not filed within six months as required by Rule 60(b).
¶ 14. Because Henry was requesting a reduction in his sentence, he was effectively requesting that the court alter or amend its judgment. However, "[u]nder most circumstances, circuit courts do not have jurisdiction to resentence convicted felons. `In the absence of some statute authorizing such modification, ... once the case has been terminated and the term of court ends, a circuit court is powerless to alter or vacate its judgment.'" Creel v. State, 944 So.2d 891, 893-94(¶ 6) (Miss.2006) (quoting Harrigill v. State, 403 So.2d 867, 868-69 (Miss.1981)). Except for correction of clerical errors, "a judge may not alter or vacate a sentence once the term of court in which the defendant was sentenced has ended." Id. (citation omitted). Therefore, barring some special exception, the court could not have granted the relief requested by Henry, as the term of court in which Henry was sentenced had ended without any pending motion for a reduction in Henry's sentence.
¶ 15. We also note that Henry's motion for reconsideration attempted to address new arguments that had not been raised in his initial petition for post-conviction relief. To that degree, the motion for reconsideration was also a successive petition for post-conviction relief, which is barred under Mississippi Code Annotated section 99-39-27(9) (Rev.2007). Section 99-39-27(9) states:
The dismissal or denial of an application under this section is a final judgment and shall be a bar to a second or successive application under this article. Excepted from this prohibition is an application filed pursuant to Section 99-19-57(2), Mississippi Code of 1972, raising the issue of the convict's supervening insanity prior to the execution of a sentence of death. A dismissal or denial of an application relating to insanity under Section 99-19-57(2), Mississippi Code of 1972, shall be res judicata on the issue and shall likewise bar any second or successive applications on the issue. *872 Likewise excepted from this prohibition are those cases in which the prisoner can demonstrate either that there has been an intervening decision of the Supreme Court of either the State of Mississippi or the United States which would have actually adversely affected the outcome of his conviction or sentence or that he has evidence, not reasonably discoverable at the time of trial, which is of such nature that it would be practically conclusive that had such been introduced at trial it would have caused a different result in the conviction or sentence. Likewise exempted are those cases in which the prisoner claims that his sentence has expired or his probation, parole or conditional release has been unlawfully revoked.
Therefore, the new issues raised in Henry's July 2 motion were barred as successive writs.[4]
¶ 16. The court properly denied Henry's first petition for post-conviction relief, which raised only the issue of a reduction in Henry's sentence. All other grounds for relief were raised by means of a successive writ and therefore are procedurally barred. To the extent that Henry's July 2 motion was a motion for reconsideration, it was properly barred as untimely. There is no merit to any issue in Henry's appeal.
¶ 17. THE JUDGMENT OF THE CIRCUIT COURT OF HARRISON COUNTY DENYING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO HARRISON COUNTY.
KING, C.J., LEE AND MYERS, P.JJ., CHANDLER, GRIFFIS, BARNES, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR.
NOTES
[1] Henry has not explicitly raised effectiveness of counsel as an issue, but he makes several arguments regarding his counsel's alleged ineffectiveness. Furthermore, Henry stated two separate issues regarding the illegality of his sentence. For clarity's sake, we have recast and tailored Henry's statement of issues.
[2] Mississippi Code Annotated section 99-19-81 (Rev.2007) reads:

Every person convicted in this state of a felony who shall have been convicted twice previously of any felony or federal crime upon charges separately brought and arising out of separate incidents at different times and who shall have been sentenced to separate terms of one (1) year or more in any state and/or federal penal institution, whether in this state or elsewhere, shall be sentenced to the maximum term of imprisonment prescribed for such felony, and such sentence shall not be reduced or suspended nor shall such person be eligible for parole or probation.
[3] While a motion for post-conviction relief challenges some aspect of a criminal conviction, by statute the motion is designated as a civil action. See Miss.Code Ann. § 99-39-7 (Rev.2007) (providing that a PCR motion shall be filed as an original civil action in the trial court). Therefore, it is not inappropriate to apply the rules of civil procedure to post-conviction relief matters.
[4] Henry has asserted that the transcripts that he requested and received after the filing of his first petition for post-conviction relief were newly-discovered evidence. Since these transcripts were discoverable and could have been retrieved at the time of Henry's first petition, they were not newly-discovered evidence. Henry alleges that he attempted to get the transcripts sooner but that he was unable to do so. Even if that were the case, it was Henry's responsibility to make the court aware of the existence of the transcripts. Furthermore, having reviewed the transcripts, we find nothing in them that would have had any impact on Henry's conviction or sentence. Henry knew of the new grounds that he raised in his July 2 motion before he received a transcript of his hearings.