# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2015-CT-00819-SCT

*CRAIG D. SALLIE a/k/a CRAIG D. SALLIE, SR.*
*a/k/a CRAIG SALLIE*

*v.*

*STATE OF MISSISSIPPI*

### ON WRIT OF CERTIORARI

| | |
|---|---|
| DATE OF JUDGMENT: | 05/12/2015 |
| TRIAL JUDGE: | HON. JOHN HUEY EMFINGER |
| COURT FROM WHICH APPEALED: | MADISON COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | CYNTHIA ANN STEWART |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: SCOTT STUART |
| DISTRICT ATTORNEY: | MICHAEL GUEST |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | AFFIRMED - 03/08/2018 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**BEAM, JUSTICE, FOR THE COURT:**

¶1.     Craig Sallie was charged with one count of aggravated assault for shooting Gregory Johnson in the back and one count of possession of a weapon by a convicted felon. A Madison County jury found Sallie guilty of both counts, and the circuit court sentenced him to twenty years and ten years, respectively, with sentences to run concurrently in the custody of the Mississippi Department of Corrections (MDOC). The circuit court also sentenced Sallie to an additional ten years pursuant to the firearm-enhancement statute under

Mississippi Code Section 97-37-37 (Rev. 2014), with that sentence to run consecutively to the other sentences, for a total sentence of thirty years in the MDOC. The Court of Appeals affirmed. *Sallie v. State*, 155 So. 3d 872 (Miss. Ct. App. 2013) (*Sallie I*).

¶2. On writ of certiorari, a majority of this Court found "Sallie was not given adequate pretrial notice that an enhanced punishment would be sought until after his conviction," which violated his right to due process. *Sallie v. State*, 155 So. 3d 760 (Miss. 2015) (*Sallie II*).[1] The majority affirmed Sallie's convictions for aggravated assault and felon in possession of a firearm but vacated Sallie's sentence and remanded the case to the circuit court for resentencing.

¶3. On remand, the circuit court restructured Sallie's remaining sentences to run consecutively instead of concurrently, resulting in a thirty-year sentence without the enhanced penalty portion prescribed by Section 97-37-37. Finding no error, the Court of Appeals affirmed. *Sallie v. State*, ____ So. 3d _____, 2016 WL 7636895, 2015-KA-00819-COA (Miss. Ct. App. Dec. 6, 2016) (*Sallie III*).[2]

¶4. Sallie petitions this Court for certiorari review, raising one issue:

> Whether the trial court's decision to change the sentences to run [consecutively] on Count I and Count II was error because the Court of

---

[1] King, J., for the Court. Waller, C.J., Kitchens, Chandler and Coleman, JJ., concurring. Dickinson, P.J., concurring with separate, written opinion joined by Kitchens, Chandler, and Coleman, JJ. Randolph, P.J., concurring in part and dissenting in part with separate, written opinion joined by Lamar and Pierce, JJ.

[2] Ishee, J., writing. Griffis, P.J., Barnes, Carlton, Fair, Wilson and Greenlee, JJ., concurring. Lee, C.J., dissenting with separate, written opinion, joined by James, J.; Irving, P.J., joining in part.

2

Appeals affirmed those convictions and sentences and the Mississippi Supreme Court remanded only the sentence pursuant to [Section 97-37-37].

## FACTS AND PROCEDURAL HISTORY

¶5.     On November 28, 2011, Johnson walked past Sallie's house en route to his own home. Sallie, who previously had accused Johnson of stealing a bottle of whisky from him, yelled at Johnson, demanding that Johnson come into his (Sallie's) yard. Johnson refused and told Sallie to come into the street so they could settle the dispute "like men." Johnson called Sallie an expletive and then turned to walk away. Sallie pulled out a gun and started shooting. Sallie shot Johnson five times, with one bullet hitting Johnson in the spine, paralyzing him from the waist down.

¶6.     Sallie was charged with aggravated assault and possession of a firearm by a convicted felon. The jury found Sallie guilty of both counts. Afterward, the trial court scheduled a sentencing hearing and stated, "I also wish to consider the firearm enhancement as provided by 97-37-37(2)." *See* Miss. Code Ann. § 97-37-37(2) ("any convicted felon who uses or displays a firearm during the commission of any felony shall . . . be sentenced to an additional term of imprisonment . . . of ten (10) years").

¶7.     At the sentencing hearing, Sallie objected to application of Section 97-37-37 based on lack of notice from the State and based on the trial court raising the enhancement sua sponte. The trial court sentenced Sallie to twenty years for aggravated assault, ten years for felon in possession of a firearm; the court then enhanced the sentence by ten years under Section 97-37-37(2).

¶8. Sallie appealed, claiming the trial court erred by limiting Sallie's cross-examination of Johnson at trial, and that the firearm enhancement to his sentence post-trial was illegal given that Sallie did not receive pretrial notice that he might be sentenced under that statute. The Court of Appeals found no merit in either assignment of error raised by Sallie.

¶9. Addressing the latter issue, the Court of Appeals found the enhanced portion of Sallie's sentence did not run afoul of *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000), and therefore was legal. *Sallie (I)*, 155 So. 3d at 875. In analyzing *Apprendi*, the court found that all the elements of the firearm enhancement had been submitted properly to the jury and had been found by the jury beyond a reasonable doubt. *Id*. The court concluded that the indictment did not need to reference the enhancement statute; therefore, there was no unfair surprise regarding the firearm enhancement. *Id*.

¶10. This Court granted certiorari, stating:

> We agree that the trial court did not abuse its discretion by limiting Sallie's cross-examination of Johnson. Therefore, we limit our review to the question of whether Sallie received fair notice of the firearm enhancement. *See Guice v. State*, 952 So. 2d 129, 133 (Miss. 2007) (Supreme Court "unquestionably" has the authority to limit the issues on review).

*Sallie (II)*, 155 So. 3d at 762.

¶11. In analyzing the issue, this Court agreed with the Court of Appeals as to *Apprendi*, that the jury had found the elements of the firearm enhancement beyond a reasonable doubt. *Id*. at 762-63. But the majority also found that Sallie did not receive fair notice that an

4

enhanced punishment would be sought until after his conviction, which violated Sallie's right to due process. *Id*. at 764.

¶12. The majority concluded as follows:

> We decline to find error that would reverse Sallie's convictions. Therefore, we affirm in part the judgments of the Court of Appeals and the trial court. However, we find that Sallie did not receive timely or sufficient notice that the State intended to enhance his sentence using the firearm enhancement. Using the firearm enhancement to increase Sallie's sentence resulted in unfair surprise. Accordingly, we reverse in part the judgments of the Court of Appeals and the trial court, vacate Sallie's sentence, and remand the case to the Madison County Circuit Court for resentencing.

*Id*.

¶13. On remand, the trial court held a sentencing hearing, after which the trial court stated for the record as follows:

> All right. I'm going to impose the same sentence as to Count I: 20 years in the custody of the [MDOC.]
>
> The same sentence in Count II: 10 years in the custody of the of the [MDOC], but I'm going to order that those sentences run consecutively to each other.
>
> When I imposed the original sentence and ordered that they run concurrently, I believe[d] that he was going to have another 10-year sentence that would be running consecutively to those sentences, and the [Supreme] Court has now found that that particular enhancement was improper, so that'll be the sentence of the [c]ourt.

¶14. Sallie appealed, claiming the trial court was without authority to alter the sentences from running concurrently to running consecutively. The case was assigned to the Court of Appeals.

5

¶15. On appeal, Sallie relied primarily on two cases for his claim that the change to his original sentence was illegal: *Leonard v. State*, 271 So. 2d 445 (Miss. 1973); and *Eastman v. State*, 909 So. 2d 171 (Miss. Ct. App. 2005). *Sallie (III)*, 2016 WL 7636895, at **2-3. In *Leonard*, this Court held that "once a circuit or county court exercises its option to impose a definite sentence it cannot subsequently set that sentence aside and impose a greater sentence." *Leonard*, 909 So. 2d at 447. *Eastman* reiterated the same.

¶16. The Court of Appeals affirmed the trial court's sentencing order. *Sallie (III)*, 2016 WL 7636895, at *3. Finding both *Leonard* and *Eastman* inapplicable, the Court of Appeals reasoned that this Court had vacated Sallie's entire sentence in *Sallie (II)*; therefore, the trial court had the authority to impose upon Sallie a new sentence within the same thirty-year parameter structured by the trial court in its original sentencing order. *Sallie (III)*, 2016 WL 7636895, at*3. We agree with the Court of Appeals.

## DISCUSSION

¶17. Sentencing lies within the complete discretion of a sentencing judge and is not subject to appellate review if it is within the limits prescribed by statute. *Hoops v. State*, 681 So. 2d 521 (Miss. 1996). Generally, as was the case in both *Leonard* and *Eastman*, once a criminal case "has been terminated and the term of court ends, a circuit court is powerless to alter or vacate its judgment." *Creel v. State*, 944 So. 2d 891, 893-94 (Miss. 2006) (quoting *Harrigill v. State*, 403 So. 2d 867, 868-69 (Miss. 1981), *partially superseded by statute*, Miss. Code Ann. § 99-39-3(1) (Rev. 2015)).[3] As well, the circuit court in most instances loses

---

[3] "[U]nless the circuit court has deferred sentence, or placed the defendant upon a suspended sentence and retained jurisdiction for this specific purpose as authorized by

6

jurisdiction to amend or modify its sentence once a case has been appealed from the circuit court to this Court. **Harrigill**, 403 So. 2d at 868 (citing **Denton v. Maples**, 394 So. 2d 895 (Miss. 1981)).[4] On appeal, both this Court and the Court of Appeals "ha[ve] appellate jurisdiction to either affirm, reverse and remand, or reverse and render the judgment the lower court should have rendered." **Id**. Neither court has the authority to review a case "and make an arbitrary decision to amend the original sentence in any way." **Ethridge v. State**, 800 So. 2d 1221, 1225 (Miss. Ct. App. 2001) (citing **Harrigill**, 403 So. 2d at 869).

¶18. If a case is affirmed on appeal, "the lower court is issued a mandate to perform purely ministerial acts in carrying out the original sentence." **Harrigill**, 403 So. 2d at 868. But if the case is remanded for a new trial, the circuit court again is invested with jurisdiction and discretionary sentencing authority with regard to that particular case. **Id**. at 869. In such

---

statute, the power of the circuit court to alter or mend its sentence is terminated." **Harrigill**, 403 So. 2d at 869. Also, the Uniform Mississippi Post-Conviction Collateral Relief Act provides jurisdiction to the circuit court to consider resentencing a criminal when certain criteria as set forth in Mississippi Code Section 99-39-5 are present. **Creel**, 944 So. 2d at 894.

[4] *But see also* **Gardner v. State**, 547 So. 2d 806, 807 (Miss. 1989), explaining:

It is certainly true that the Circuit Court had no authority to resentence Gardner until Jurisdiction of the case was revested there, although the view once that the jurisdiction of this Court wholly deprived the trial court of authority to take any action at all has been considerably ameliorated. *See, e.g.*, Rule 60, Miss. R. Civ. P.; Rules 3, 6, 8, 9, 10, 11, Miss. Sup. Ct. Rules; **Ward v. Foster**, 517 So. 2d 513, 516-517 (Miss. 1987); **Wilson v. State**, 461 So. 2d 728, 729 (Miss. 1984).

*See also* **Creel**, 944 So. 2d at 893, explaining that trial courts retain jurisdiction under the provisions of Mississippi Code Section 47-7-47, which does not pertain to resentencing but "pertains only to a suspension of the further execution of a sentence and to the placement of the convicted felon on earned probation."

instances, the same or even a greater sentence than the one previously ordered may be imposed upon the defendant following a new trial and conviction for the same charge(s). *See Ross v. State*, 480 So. 2d 1157, 1160 (Miss. 1985) (explaining that as long as there is no vindictive motivation against the defendant for having successfully challenged his first conviction, "[t]he imposition of a harsher sentence by a judge following a new trial and conviction is not violative of the federal, or Mississippi's, Constitution");[5] *see also Tiller v. State*, 440 So. 2d 1001, 1006 (Miss. 1983); *Sanders v. State*, 440 So. 2d 278, 288 (Miss. 1983), *superseded by statute on other grounds*.

¶19.    The question here, though, is whether the circuit court had discretionary sentencing authority to modify its original sentence after this Court affirmed Sallie's convictions but vacated Sallie's sentence on the finding that using the firearm enhancement to increase his sentence violated Sallie's right to due process.

¶20.    We find the answer to this question is yes.

¶21.    While we know of no prior decision either from this Court or the Court of Appeals that has addressed the precise question presented in this case, a number of cases illustrate the general understanding that when an original sentence has been vacated for illegality, a subsequent sentencing court has discretionary authority over the new sentence.

¶22.    *Grubb v. State*, 584 So. 2d 786 (Miss. 1991), is one example.  There, the circuit court attempted to correct an illegal sentence it previously had imposed upon a defendant who had

---

[5] *Ross* adopted the Supreme Court's pronouncement in *North Carolina v. Pearce*, 395 U.S. 711, 726, 89 S. Ct. 2072, 23 L. Ed. 2d 656 (1969), which held that a presumption of vindictiveness attaches when a defendant receives a harsher sentence on resentencing by the same judge who imposed the previous sentence.

pleaded guilty to kidnapping. *Id*. at 790. The trial judge originally had sentenced the defendant to life in prison following the guilty plea, with eligibility for parole. *Id*. at 787. But under the kidnapping statute, only a jury could impose a life sentence, whereas the trial judge could fix the penalty at no more than thirty years and no less than one year. *Id.* at 789 (citing Miss. Code Ann. § 97-3-53). Following a number of post-conviction relief (PCR) requests filed by Grubb, the trial judge resentenced him to twenty years through a *nunc pro tunc* order relating back to the defendant's guilty plea for kidnapping. *Id*. at 787-791. However, when the trial judge resentenced Grubb, an appeal already had been perfected to this Court from the trial court's previous denial of Grubb's PCR petition on the basis it constituted a successive writ. *Id*. at 789-90. Reviewing the matter on appeal, this Court agreed the life sentence was illegal and vacated it. *Id*. But the *Grubb* Court could not affirm the trial court's new, twenty-year sentence because the trial court had lost jurisdiction over the case once an appeal was perfected to this Court. *Id*. at 790. In remanding the matter to the trial court, the *Grubb* Court stated as follows:

> This remand is expressly without prejudice to Grubb's right to seek imposition of the same twenty (20) year sentence imposed by the trial court at his resentencing hearing and without prejudice to the circuit court's right to favorably consider that request, *if it so desires*.

*Id*. (emphasis added).

¶23. *Perryman v. State*, 120 So. 3d 1048 (Miss. Ct. App. 2013), also illustrates the discretionary authority a subsequent sentencing judge has with a new sentence upon vacation of a defendant's original sentence. There, the defendant pleaded guilty to four counts of aggravated assault and one count of felon in possession of a firearm. *Id*. at 1050. He was

9

sentenced as a habitual offender (under Mississippi Code Section 99-19-81) to twenty years on each aggravated-assault count and to three years on the firearms count, with all sentences running concurrently. *Id*. at 1051. Years later, *Perryman* filed a motion to correct or modify his sentence, claiming his habitual-offender status was illegal. *Id*. A new circuit judge presiding over the matter treated it as a PCR motion and agreed with Perryman that the statutory requirements for his habitual-offender status were not met. *Id*. The judge vacated the original sentence and ordered resentencing. *Id*. After conducting a resentencing hearing, the judge sentenced Perryman to twenty years on each of the four aggravated-assault counts and three years on the firearm charge. *Id*. The judge then ordered two of the twenty-year sentences to run consecutively, not concurrently, as the previous judge had ordered, which effectively gave Perryman forty years, without habitual-offender status. *Id*.

¶24. On appeal, the Court of Appeals vacated the new sentence and remanded for resentencing on the basis that Perryman's purported waiver of his right to counsel at the new sentencing hearing was involuntary. *Id*. at 1057. But in reaching its decision, the Court of Appeals expressly found no merit in Perryman's claim that the new, harsher sentence gave rise to a presumption of judicial vindictiveness in violation of *Ross* and *Pearce*. *Id*. at 1052-54. Justice Maxwell, then serving on the Court of Appeals and writing for the court, first explained that the vindictiveness-presumption standard emanating from *Pearce* has since "been substantially watered down" by the United State Supreme Court, "and even rendered inapplicable in some instances, depending on the particular resentencing." *Id*. at 1052 (citing *Colten v. Kentucky*, 407 U.S. 104, 92 S. Ct. 1953, 32 L. Ed. 2d 584 (1972), and *Chaffin v.*

10

*Stynchcombe*, 412 U.S. 17, 93 S. Ct. 1977, 36 L. Ed. 2d 714 (1973)). Pointing to this Court's decision in *Bush v. State*, 667 So. 2d 26 (Miss. 1996), the *Perryman* Court noted that, like the United States Supreme Court, this Court has rejected the *Pearce* presumption in cases in which successor judges had imposed new sentences. *Id*. at 1053.

¶25.    Next, in finding that Perryman had presented no proof of actual vindictiveness, the Court of Appeals noted that "[n]ot only was the second sentence well below the statutory maximum terms, . . . it was also crafted to address the violent nature of Perryman's admitted criminal acts." *Id*. at 1054. The second judge was concerned with Perryman's criminal history, which indicated Perryman had "some violent tendencies." *Id*. (quoting the trial judge). But the judge also ordered that Perryman receive credit for time served, and ordered MDOC "'to treat the sentence is if it had been imposed as the original sentence' and to afford Perryman consideration of 'any and all parole, good time, earned time, etc.,' to which he would have been entitled if he had not been improperly sentenced as a habitual offender by the first judge." *Id*. (quoting the trial judge).

¶26.    Indeed, this fundamental view with regard to sentencing discretion has been espoused in numerous federal cases addressing the type of circumstance we have before us here. In *United States v. Pimienta-Redondo*, 874 F.2d 9 (1st Cir. 1989), a defendant was convicted of two drug-related offenses and sentenced by the federal district court to five years on each count, with each sentence running consecutively. *Id*. at 11. On appeal, the First Circuit affirmed one of the counts but reversed the other count and remanded the case for resentencing. *Id*. at 12. On remand, the federal district court resentenced the defendant to

11

ten years on the affirmed count. *Id*. The defendant again appealed to the First Circuit, claiming he was denied due process of law by the district court's enhancement of his sentence and that the enhanced sentence violated the Double-Jeopardy Clause. *Id*. The First Circuit found no merit to these claims and affirmed the district court's "retrofitted" sentence. *Id*.

¶27. The First Circuit reiterated that "[c]riminal sentences do not possess the constitutional finality and conclusiveness that attach to a jury's verdict of acquittal," and "[c]onsequently, neither appellate review of sentences, . . . nor increases after appeal . . . will ordinarily implicate double jeopardy considerations." *Id*. at 16 (citing *United States v. DiFrancesco*, 449 U.S. 117, 132-39, 101 S. Ct. 426, 434-39, 66 L. Ed. 2d 328 (1980)). "A defendant 'has no legitimate expectation of finality in the original sentences when he has placed those sentences in issue by direct appeal and has not completed serving a valid sentence.'" *Id*. (quoting *United States v. Anderson*, 813 F.2d 1450, 1461 (9th Cir. 1987)).

¶28. The First Circuit explained that numerous factors underlie a sentencing judge's ultimate sentencing plan, such as an "accused's actual conduct during the criminal enterprise, as well as his life, health, habits and background." *Id*. at 14. And in a multicount case, these factors "are not necessarily altered when a defendant successfully appeals his conviction on one count." *Id*. The First Circuit reasoned that "[a]fter an appellate court unwraps" the original sentencing package by removing "one or more charges from its confines, . . . common sense dictates that the judge should be free to review the efficacy of what remains in light of the original plan," and be allowed "to reconstruct the sentencing architecture upon

12

remand, within applicable constitutional and statutory limits, if that appears necessary in order to ensure that the punishment still fits both crime and criminal." *Id*. (citing *United States v. Bentley*, 850 F.2d 327, 328-29 (7th Cir. 1988), *cert. denied*, 488 U.S. 970, 109 S. Ct. 501, 102 L. Ed. 2d 537 (1988) ("whenever a reversal on appeal undoes a sentencing plan, or even calls the plan into question, the district court should be invited to resentence the defendant on all counts in order to achieve a rational, coherent structure in light of the remaining convictions"); *United States v. Diaz*, 834 F.2d 287, 290 (2d Cir.1987) (trial judge could change sentence on remand to carry out original intention), *cert. denied*, 488 U.S. 818, 109 S. Ct. 57, 102 L. Ed. 2d 35 (1988); *United States v. Busic*, 639 F.2d 940, 947 (3d Cir. 1981), *cert. denied*, 452 U.S. 918, 101 S. Ct. 3055, 69 L. Ed. 2d 422 (1981) (same)).

¶29.    In *United States v. Shue*, 825 F.2d 1111 (7th Cir. 1987), the Seventh Circuit held that the district court had authority to resentence the defendant to effectuate its original sentencing intent after partial reversal of the defendant's convictions under a multicount indictment.  The Seventh Circuit said, "we are mindful of the Supreme Court's admonition in *DiFrancesco* that 'the Constitution does not require that sentencing should be a game in which a wrong move by the judge means immunity for the prisoner.'" *Id*. at 1114 (quoting *DiFrancesco*, 449 U.S. at 135).  The Seventh Circuit explained that "[w]hen a defendant is convicted of more than one count of a multicount indictment, the district court is likely to fashion a sentencing package in which sentences on individual counts are interdependent." *Id*.  And "[b]ecause the sentences are interdependent, reversal of convictions underlying some, but not all, of the sentences renders the sentencing package ineffective in carrying out

13

the district court's sentencing intent as to any one of the sentences on the affirmed convictions." *Id*.

¶30. That is what occurred here. Following this Court's order of remand for resentencing, the circuit judge stated for the record that when he imposed Sallie's original sentence, he thought Sallie "was going to have another 10-year sentence that would [run] consecutively" to the two sentences running concurrently, effectively giving Sallie a thirty-year sentence in the custody of the MDOC. The circuit judge then restructured Sallie's sentence to implement his original intention. As the Court of Appeals held, the circuit court had authority to do so, and we affirm.

## CONCLUSION

¶31. The judgments of the Madison County Circuit Court and the Court of Appeals are affirmed.

¶32. **AFFIRMED**.

**RANDOLPH, P.J., COLEMAN, MAXWELL AND CHAMBERLIN, JJ., CONCUR. KING, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY WALLER, C.J., AND KITCHENS, P.J. ISHEE, J., NOT PARTICIPATING.**

**KING, JUSTICE, DISSENTING:**

¶33. Because I disagree that the trial court had the authority to restructure Sallie's sentences for aggravated assault and possession of a weapon by a convicted felon, I respectfully dissent.

¶34. In Sallie's first appeal, the Court of Appeals affirmed his conviction, and this Court granted certiorari for the limited purpose of "address[ing] the issue of whether Sallie was

14

entitled to notice of the firearm enhancement to his sentence." *Sallie v. State*, 155 So. 3d 760, 761 (Miss. 2015). Indeed, "we limit[ed] our review to the question of whether Sallie received fair notice of the firearm enhancement[]" because we otherwise agreed with the Court of Appeals opinion affirming Sallie's conviction and sentence. *Id.* at 761, 762. In our opinion, we only addressed the issue of the firearm enhancement to Sallie's sentence; we did not address his sentences for the underlying crimes. *See id.* That is why we specifically reversed only the firearm enhancement to Sallie's sentence, and not the underlying sentences, explicitly stating "we must reverse the *portion* of Sallie's sentence that constitutes the firearm enhancement."[6] *Id.* at 764 (emphasis added). The only authority granted the circuit court by this Court was to remove the firearm enhancement from Sallie's sentence. Indeed, neither Sallie nor the State appealed or even raised the legality or appropriateness of Sallie's sentences for the underlying crime, thus it was not within either appellate court's purview to reverse them, as they were not raised by the parties as being in error. *See, e.g., Davis v. State*, 660 So. 2d 1228, 1246 (Miss. 1995) (This Court is "precluded" from considering issues on appeal that were not raised at trial or in post-trial motions.). It would have been error for this Court to reverse the underlying sentences. *Winston v. State*, 754 So. 2d 1154,

---

[6]While this language specifying that the Court reversed only the enhancement portion of the sentence could have been repeated several more times for clarity's sake (and perhaps, given the misinterpretations of the Court's opinion, such repetition would have been wise), given that the underlying sentences were not raised or addressed and this Court specified once that it was only reversing the enhancement portion of the sentence, such repetition was unnecessary. It appears that, even absent repetition, this was clear even to the Court of Appeals majority, which stated "the supreme court affirmed the convictions *and sentences* but reversed the sentence enhancement." *Sallie v. State*, __ So. 3d __, 2016 WL 7636895, at *2 (Miss. Ct. App. Dec. 6, 2016) (emphasis added).

1156-57 (Miss. 1999) (Court of Appeals erred by sua sponte vacating sentence when neither party assigned the sentence as error on appeal). The sentencing order was vacated only to allow the trial court to complete the ministerial duty of removing the enhancement and issuing an order without the illegal portion of the sentence.

¶35. "[W]here a convicted defendant receives an illegal sentence, the sentence must be vacated and the case remanded to the trial court for resentencing because the defendant suffered prejudice." *Sweat v. State*, 912 So. 2d 458, 461 (Miss. 2005). Sentencing is generally the province of trial courts, and appellate courts do not have the authority to issue sentencing orders, which is why this Court remands cases for resentencing by the trial court even when the required contents of the new sentencing order are obvious.[7] The cases cited by the majority address resentencing defendants to a different sentence after a new trial or after *the particular sentence at issue* was reversed. They are therefore inapposite, as this Court did not address or reverse the underlying sentences.

¶36. Circuit courts do not generally have jurisdiction to resentence defendants. *Creel v. State*, 944 So. 2d 891, 893-94 (Miss. 2006).[8] The mandate of this Court commanded the trial

_____

[7]Would the majority's analysis in this case be the same if, for example, on resentencing, the trial court had sentenced Sallie to time served for the aggravated assault and felon in possession convictions? This unfettered discretion the Court gives to trial courts to amend any sentence when only a portion of the sentence is reversed works both ways– a trial court may, upon remand, reduce sentences that this Court affirmed.

[8]It necessarily follows, as explained by the dissent to the Court of Appeals majority, that the circuit court could not resentence Sallie to a sentence greater than its original sentence. *Sallie v. State*, __ So. 3d __, 2016 WL 7636895 (Miss. Ct. App. Dec. 6, 2016) (Lee, J., dissenting); *Leonard v. State*, 271 So. 2d 445 (Miss. 1973); *Ethridge v. State*, 800 So. 2d 1221 (Miss. Ct. App. 2001) (even when the defendant files a motion for reconsideration of sentence, the trial court could not impose a sentence higher than the

16

court to conduct further proceedings "consistent with this judgment," which specifically addressed and reversed only the enhancement portion of the sentence. Because this Court did not reverse, or even address, Sallie's sentences for aggravated assault and possession of a weapon by a convicted felon, the circuit court lacked jurisdiction to modify that portion of Sallie's sentence. Therefore, I respectfully dissent.

**WALLER, C.J., AND KITCHENS, P.J., JOIN THIS OPINION.**

---

original sentence imposed).

17