414 So.2d 435 (1982)
Moses I. LEWIS, Jr.
v.
STATE of Mississippi.
No. 53546.
Supreme Court of Mississippi.
May 26, 1982.
*436 Moses I. Lewis, Jr., pro se.
Bill Allain, Atty. Gen. by Frankie Walton White and Robert L. Gibbs, Sp. Asst. Attys. Gen., Jackson, for appellee.
Before SUGG, P.J., and ROY NOBLE LEE and DAN M. LEE, JJ.
DAN M. LEE, Justice, for the Court:
Moses I. Lewis, Jr. appeals from the denial of his petition for writ of habeas corpus filed in the Circuit Court of Coahoma County. Lewis alleged illegal confinement in the Mississippi State Penitentiary at Parchman after being transferred to that facility from the Leflore County Restitution Center by an order of the Circuit Judge of Coahoma County. We reverse.
Three indictments were returned against Moses I. Lewis, Jr. by a Coahoma County grand jury. These indictments were returned during the July 1980 term and charged Lewis with three counts of uttering forgery. Lewis initially entered a plea of not guilty at his arraignment. However, he subsequently pleaded guilty to all three counts. These pleas of guilty were accepted by the trial court after the court determined they were made voluntarily by Lewis.
Lewis received a sentence of fourteen years in an institution under the supervision and control of the Department of Corrections with nine years suspended after Lewis served five years on each charge. Lewis was also ordered to make restitution to the victims of his crimes. These sentences were to run concurrently. The trial court ordered Lewis to successfully complete the program at the Leflore County Restitution Center, a unit of the Department of Corrections, to which he was committed. The trial court attempted to retain jurisdiction in each of the three cases.
On June 9, 1981, Lewis was ordered transferred by the Circuit Judge of Coahoma County from the Leflore County Restitution Center to the Parchman facility due to his failure to comply with the rules, regulations and requirements of the Leflore County Restitution Center as contemplated by the trial court at the time of commitment to the center. Shortly thereafter, Lewis filed his petition for writ of habeas corpus, asserting he was denied due process of law and thus was illegally confined because he was not afforded a hearing before his transfer from the Leflore County Restitution Center to Parchman. The Circuit Court of Coahoma County denied Lewis' petition on the ground he was not entitled to a hearing before being transferred from one facility under the supervision and control of the Department of Corrections to another.
Did the circuit court have the authority to order appellant's transfer from one facility within the Mississippi Department of Corrections to another facility within the same department?
No authority has been brought to our attention whereby a circuit court judge is vested with the authority to transfer an inmate from one facility in the Department of Corrections to another facility within that same department. The state simply relies on the fact that the trial judge attempted to retain jurisdiction in each of appellant's three cases.
Mississippi Code Annotated section 47-5-110 (1981) provides:
Commitment to any institution or facility within the jurisdiction of the department, shall be to the department, not to a particular institution or facility. The commissioner shall assign a newly committed offender to an appropriate facility consistent with public safety; provided, however, that any offender who, in the opinion of the sentencing judge, requires *437 confinement in a maximum security unit shall be assigned, upon initial commitment, to the Parchman facility. He may transfer an offender from one institution to another, consistent with the commitment and in accordance with treatment, training and security needs. On the request of the chief executive officer of the affected unit of local government, the commissioner may transfer a person detained in a local facility to a state facility. The commissioner shall determine the cost of care for that person to be borne by the unit of local government. (emphasis added.)
This section clearly authorizes the Commissioner of Corrections to transfer an offender from one institution to another within that department. Moreover, Mississippi Code Annotated section 99-37-19 (Supp. 1981) grants the Department of Corrections sole jurisdiction over offenders housed in various restitution centers throughout the state, and provides in part as follows:
* * * * * *
It is the intent of this section that county and local governments contribute only to the establishment, renovation and maintenance of the physical plant of a restitution center and that the department of corrections support the operation of, and have sole jurisdiction over and responsibility for offenders in, such restitution program. (emphasis added.)
In our opinion, appellant could only be transferred from one institution within the Department of Corrections to another institution within that same department by order of the Commissioner of Corrections pursuant to section 47-5-110. Since the circuit court lacked authority to transfer appellant to the Mississippi State Penitentiary at Parchman, and the Commissioner of Corrections did not so transfer, appellant must be returned to the Leflore County Restitution Center and there dealt with by the Commissioner of Corrections to either leave him at the restitution center or assign him wherever the commissioner chooses pursuant to section 47-5-110.
Moreover, the jurisdiction in this case, insofar as the circuit court was concerned, was completely terminated with the limited power remaining in the court to determine at a later date whether or not any or all of the suspended sentence should be revoked. That was the sole authority remaining in the circuit court. Any such revocation could only have been entered following a due process hearing thereon. See Harrigill v. State, 403 So.2d 867 (Miss. 1981); and Denton v. Maples, 394 So.2d 895 (Miss. 1981).
Appellant's petition for writ of habeas corpus is therefore granted and appellant ordered returned to the Leflore County Restitution Center subject to being transferred therefrom by the Commissioner of Corrections.
The remaining assignments of error need not be discussed since appellant's petition for writ of habeas corpus is granted, and are specifically not decided herein.
DENIAL OF PETITION FOR WRIT OF HABEAS CORPUS REVERSED.
PATTERSON, C.J., SUGG and WALKER, P. JJ., and BROOM, ROY NOBLE LEE, BOWLING, HAWKINS and DARDEN, JJ., concur.