430 So.2d 851 (1983)
David Bryan CAMPBELL
v.
STATE of Mississippi.
No. 54186.
Supreme Court of Mississippi.
May 4, 1983.
*852 David B. Campbell, pro se.
Bill Allain, Atty. Gen. by Amy D. Whitten, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before BROOM, HAWKINS and DAN M. LEE, JJ.
HAWKINS, Justice, for the Court:
David Bryan Campbell appeals from an order of the Circuit Court of Lamar County denying relief sought in a petition to clarify sentence.

FACTS
Campbell was indicted January 28, 1981 by the Grand Jury of Lamar County for the crime of lustful touching of a female child under the age of fourteen, in violation of Mississippi Code Annotated section 97-5-23 (Supp. 1981). On February 9, at the same court term, he entered a plea of guilty and was sentenced to serve a term of five years in the custody of the Mississippi Department of Corrections, with four years suspended. Campbell also received a five-year probationary period beginning that date. The pertinent portion of the court's order states:
THEREFORE, for said offense and on said plea of guilty it is by the Court ORDERED AND ADJUDGED that the said defendant be, and he is hereby sentenced to a term of five (5) years in the Mississippi Department of Corrections... .
Provided, however, ... that the ends of justice and the best interest of the public and defendant will be best served, the Court hereby suspends the execution of four (4) years of the above sentence for a period of five years, the suspension of this sentence to commence after the defendant has served one (1) year in the Mississippi Department of Corrections.
On November 30, 1981, Campbell's parole supervisor made an affidavit that Campbell had violated his probation on October 31, 1981. A warrant was issued for his arrest, and on December 11, 1981, a waiver of hearing executed by Campbell was filed, this waiver stating:
I ... do hereby waive my right to a Probation Revocation Hearing and by the presents do hereby authorize the Court to enter an order revoking my probation and any other appropriate order consistent therewith... .[1]
On December 11, the circuit judge entered an order of revocation, which, after reciting Campbell's sentence and his placement on probation for a period of five years, and his violation thereof, concluded with the following adjudication:
IT, THEREFORE, IS ORDERED AND ADJUDGED that the probation of the aforesaid defendant ought to be revoked and it is hereby revoked in accordance with Section 27, Chapter 262, Laws of Mississippi, 1956, and the said defendant is hereby remanded into the custody of the Sheriff to await transportation to the State Penitentiary.
The commitment sheet mailed by the circuit clerk to the penitentiary, and dated December 11, recited the sentence and enclosed a copy of the order of conviction and order of revocation.
On December 31, 1981, the circuit clerk prepared an amended commitment sheet and sent it to the penitentiary. Following the heading, TERM OF SENTENCE, the *853 December 11 commitment sheet stated: "5 years," but the December 31 commitment sheet stated: "5 years (1 YEAR SERVED, BALANCE OF 4 YEARS AS A NEW SENTENCE)".
Then, under REMARKS, the December 31 commitment sheet added: "NOTE: JUDGE PRICHARD'S INTENT IS FOR THE REMAINING 4 YEARS TO BEGIN AS A NEW SENTENCE AFTER REVOCATION, GIVING CREDIT ONLY FOR TIME IN JAIL AWAITING REVOCATION HEARING".
On May 25, 1982, Campbell filed in the Circuit Court of Lamar County a petition to clarify his sentence. The petition alleged, inter alia, that upon being returned to the penitentiary he had been given a new prison number, and the Department of Corrections records indicated he was then serving a new and different term of confinement other than the original five years. Campbell alleged that this was incorrect. He then recited how he was being prejudiced, using the following example:
This mistake hinders petitioner in that he is not being given credit for the time he has already served or any good time he may have earned towards his parole date. EXAMPLE:
On a five year sentence an inmate, as of this date, is required to serve one third of his sentence before being considered for parole. On a five (5) year term that would be approximately twenty (20) months. Petitioner has already served over seventeen (17) months on the required twenty (20) months, thus enabling petitioner to parole eligibility in three (3) months. On the other hand on a four year sentence an inmate would need to serve approximately sixteen (16) months before becoming eligible for parole. The way the sentence for petitioner now stands petitioner has only served six (6) months on this incorrectly prescribed new four (4) year term, thus petitioner would not be considered for parole for another ten (10) months. The difference between the two being approximately seven (7) months.
The petition then requested that the court would enter an order clearing the ambiguity in the sentence.
On June 7, 1982, the circuit court entered an order denying the relief sought by the petitioner.
The order recites that the reason the petition was denied was "for the reason that there is no ambiguity in the Order of Conviction."

LAW
The circuit judge was quite correct in finding there was no ambiguity in the commitment order. Campbell's problem arose from the amended commitment sheet prepared by and sent to the penitentiary by the circuit clerk. He is nevertheless entitled to relief from any extension of his sentence or other treatment beyond the authority granted the Mississippi Department of Corrections by the court's order of revocation dated December 11, 1981.
After the January 1981 term of the Lamar County Circuit Court at which Campbell was sentenced had expired, even the circuit judge had no authority to impose a new or different sentence than that imposed at that term. Following this term, the circuit judge's sole authority in the case was to determine whether or not all or a portion of the original suspended sentence should be revoked. See Harrigill v. State, 403 So.2d 867 (Miss. 1981); Denton v. Maples, 394 So.2d 895 (Miss. 1981).
This is manifestly all the circuit judge attempted to do by the court revocation order of December 11, 1981  to sentence Campbell to serve the four years theretofore suspended. The circuit judge himself not having the authority to sentence Campbell to a new and different term, the clerk obviously had no such authority.
Any commitment sheet to the contrary notwithstanding, the only authority of the Mississippi Department of Corrections is custody of Campbell for the revoked portion of his original five-year sentence.
*854 This case is remanded for Campbell's commitment records in the Mississippi Department of Corrections and the Circuit Court of Lamar County to be amended consistent with this opinion.
UPON THE PETITION OF DAVID BRYAN CAMPBELL, THE CASE IS REMANDED FOR THE COMMITMENT RECORDS OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS AND THE CIRCUIT COURT RECORDS OF LAMAR COUNTY TO SHOW THAT THE FOUR YEARS SUSPENSION OF HIS ORIGINAL FIVE YEAR SENTENCE WAS DULY REVOKED, AND CAMPBELL SENTENCED TO SERVE THE REMAINING FOUR YEARS, SUBJECT TO CREDIT FOR TIME SERVED AS AUTHORIZED BY LAW.
PATTERSON, C.J., WALKER and BROOM, P.JJ., and ROY NOBLE LEE, BOWLING, DAN M. LEE, PRATHER and ROBERTSON, JJ., concur.
NOTES
[1] The waiver is dated "November" 11, 1981, which is obviously an error, because it is acknowledged and notarized December 11. It is also puzzling why Campbell was at large October 31, 1981, when the order of sentence specifically provided he was not to be placed upon parole until he had served one year on his five-year sentence.