PAYNE, Judge,
for the Court:
PROCEDURAL POSTURE
¶ 1. This case is on appeal from the denial of the appellant’s petition for post-conviction relief by the Circuit Court of Copiah County. The circuit court dismissed the petition for lack of subject matter jurisdiction. Upon review of Hampton’s original pleadings and his briefs in support of his appeal, we affirm the circuit court’s dismissal of the claim.
FACTS
¶2. Hampton pled guilty to one count of robbery and received an eight year suspended sentence and five years probation plus a $1,000 fine and court costs. Subsequently, his probation was revoked for, inter alia, *450 commission of a new crime of strong armed robbery, and he was ordered to serve the original sentence of eight years in the custody of the Mississippi Department of Corrections. Hampton filed his petition for post-conviction relief with the Copiah County Circuit Court seeking a reduction in his sentence. The circuit court dismissed the petition for lack of subject matter jurisdiction, and Hampton then perfected this appeal. Upon reviewing the appellant’s original pleadings and his briefs filed with regard to this appeal, we affirm the dismissal of the petition.
THE ORIGINAL PCR
¶ 3. In his petition, Hampton alleged that his sentence was excessive and sought a reduction thereof and alleged that his probation was improperly revoked. Upon considering the petition, the circuit court dismissed the same without a hearing.
¶ 4. On appeal we are limited to a review of the judgment of the court from which the appeal is taken. In this case, the circuit court properly found that it lacked jurisdiction to grant the relief Hampton sought. A court has no jurisdiction to entertain a motion to amend an original sentence once it. has become final. Denton v. Maples, 394 So.2d 895 (Miss.1981); Harrigill v. State, 403 So.2d 867 (Miss.1981). After the term of court during which the defendant was sentenced has passed, “the circuit judge’s sole authority in the case was to determine whether or not all or a portion of the original suspended sentence should be revoked.” Campbell v. State, 430 So.2d 851, 853 (Miss.1983). See also Lewis v. State, 414 So.2d 435 (Miss.1982).
ISSUES RAISED BY HAMPTON
¶ 5. On appeal, Hampton has raised numerous other issues, none of which were specifically raised in the circuit court. We address them with the understanding that we are under no obligation to do so.
¶ 6. Hampton alleges that the circuit court erred in dismissing the petition without an evidentiary hearing. Miss.Code Ann. § 99-39-11(2) (Supp.1998) provides for such disposition of petition for post conviction relief “[i]f it appears from the face of the motion ... that the movant is not entitled to any relief....” There is no merit to Hampton’s argument that he was denied the right to be heard under the Fourteenth Amendment and Mississippi Constitution, art. 3, § 26(2). His contention that his right to be heai-d at the probation hearing is not supported by the record. It is clear that he was afforded the right to be heard based on his dialogue with the circuit judge. There is no merit to this argument.
¶ 7. Next, Hampton alleges that his sentence was excessive. The sentence imposed by the circuit court was within the statutory limits of Miss.Code Ann. § 97-3-75 (Supp.1998) and not disproportionate under Solem v. Helm, 463 U.S. 277, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983). The sentence was considerably less than the fifteen year sentence which could have been imposed. Hampton was originally given a suspended sentence and the opportunity not to serve any time. There is no merit to his arguments that the court failed to consider that he was a first time offender.
¶8. Hampton’s contention that his probation was improperly revoked also is without merit. Miss.Code Ann. § 47-7-37 (Supp. 1998) sets forth the requirements for probation revocation and has been declared constitutional by the Mississippi Supreme Court in Berdin v. State, 648 So.2d 73, 76 (Miss.1994) and Riely v. State, 562 So.2d 1206, 1210 (Miss.1990). Our review of the record of the revocation demonstrates that due process was afforded Hampton in this hearing.
¶ 9. Hampton further argues that the court showed bias and prejudice by not ordering alcohol and drug treatment as part of his initial sentence. It is well settled that sentencing matters are within the trial judge’s sound discretion and will not be disturbed unless outside the statutory parameters. Stromas v. State, 618 So.2d 116, 122 (Miss.1993). Hampton had an admitted alcohol problem. At the initial sentencing, the trial court admonished him not to drink while he was on probation. Hampton chose to violate that admonition which ultimately resulted in his probation’s being revoked. The *451 trial court’s ordering of alcohol and drug treatment on revocation of Hampton’s probation was appropriate and in the best interest of Hampton. His assertions in this regard are overruled.
¶ 10. Finally, Hampton asserts that he was denied effective assistance of counsel at both his plea hearing and his revocation hearing. Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) is controlling on the issue of effective assistance of counsel. Regarding the claim of ineffective assistance at his plea hearing, we find this to be without merit. The transcript sets forth Hampton’s discussion with the trial court, and it is clear that he was aware of the consequences of his plea. Hampton has failed to demonstrate how the performance of his counsel was so deficient and prejudicial that but for the attorney’s conduct, he would not have entered the plea. Also, regarding the claim of ineffective assistance at his revocation hearing, we, too, find this to be without merit. Hampton carried on an apparently lucid dialogue with the court regarding the particulars of the probation violation and fully understood the consequences of his violating his probation. Hampton’s suggestion that his attorney erred in not objecting to the trial court’s order that he participate in alcohol and drug treatment is without merit, and we find that there was nothing objectionable in the trial court’s action in this regard.
¶11. THE JUDGMENT OF THE CIRCUIT COURT OF COPIAH COUNTY DENYING POST CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE TAXED TO COPIAH COUNTY.
BRIDGES, C.J., McMILLIN and THOMAS, P.JJ., COLEMAN, DIAZ, HERRING, HINKEBEIN, KING, and . SOUTHWICK, JJ., concur.