919 So.2d 1042 (2005)
Efrem Ardrell CAMERON, Appellant
v.
STATE of Mississippi, Appellee.
No. 2003-KP-02129-COA.
Court of Appeals of Mississippi.
July 19, 2005.
*1043 Efrem Ardrell Cameron, appellant, pro se.
Office of the Attorney General by Deirdre McCrory, attorney for appellee.
Before KING, C.J., MYERS and ISHEE, JJ.
MYERS, J., for the Court.

PROCEDURAL HISTORY AND FACTS
¶ 1. On August 19, 2002, Efrem Ardrell Cameron pled guilty to "strong armed robbery" in the Circuit Court of Lee County. On August 30, 2002, Cameron was sentenced to ten years in the custody of the Mississippi Department of Corrections. Five of these years were suspended and it was ordered that during the suspended portion of the sentence Cameron would be placed on post-release supervision. Thus, Cameron was left with five years to actually serve in the custody of the Mississippi Department of Corrections; however, the sentencing order, entered by Judge Richard Bowen reserved the right of judicial review of the sentence for three hundred sixty-five days. Cameron was also ordered to pay a fine of $500, and Cameron was also ordered to pay restitution of $500 to the Mississippi Crime Victims Compensation Fund.
¶ 2. On August 1, 2003, Cameron filed a motion to reconsider, asking the court to exercise the reserved right of judicial review of the sentence. On August 27, 2003, a hearing on the motion to reconsider was conducted before Judge Sharon Aycock. *1044 Judge Aycock denied the motion, noting in particular that Judge Bowen had considered the issue already and determined the ten year sentence to be the proper sentence. Judge Aycock also noted that the suspended portion of the sentence was part of a plea agreement that Cameron had bargained for with the State. Because of this, the motion to reconsider was denied and the sentence remained intact.
¶ 3. Aggrieved by the judgment of the circuit court, Cameron now appeals, raising the following issue:

DID THE TRIAL COURT ERR IN DENYING THE MOTION TO RECONSIDER?
¶ 4. Finding no reversible error, we affirm the judgment of the circuit court.

LEGAL ANALYSIS

DID THE TRIAL COURT ERR IN DENYING THE MOTION TO RECONSIDER?
¶ 5. Cameron actually states three issues in his brief; however, we have recast those three issues as one single issue, because the three issues Cameron states are all simply variations of this one issue. The separate issues stated by Cameron are more properly sub-arguments in support of this overarching issue. Thus, we will discuss the issue accordingly.
¶ 6. Cameron argues that the circuit court did not conduct a thorough and complete review of the record and of the evidence brought out at the original sentencing hearing before Judge Bowen and that denying his motion without conducting this thorough and complete review was reversible error. Cameron also argues that the circuit court abused its discretion in basing its decision to deny the motion to reconsider, at least in part, on the fact that Cameron's original sentence was based upon a guilty plea. Cameron finally argues that the circuit court abused its discretion in not receiving testimony from the defendant.
¶ 7. The State argues that Cameron's appeal is procedurally barred, and, that in any event, his appeal substantively lacks merit.
¶ 8. Before proceeding to our discussion, we should note that it appears that Cameron is not clear on his own posture on this appeal; that is, Cameron vacillates between arguing his motion to reconsider as a motion for post-conviction relief and as a direct appeal of the final sentencing order. The State, as noted, picks up on this confusion in Cameron's posture on appeal and argues that Cameron's appeal is procedurally improper. The State maintains that Cameron's appeal is neither a direct appeal of his conviction nor a proceeding under the Post-Conviction Collateral Relief Act. Because of this, the State argues that Cameron's appeal should be dismissed.
¶ 9. We decline to decide whether Cameron's motion to reconsider was in the nature of a motion for post-conviction relief, or if the original sentencing order's reserving of judicial review for three hundred sixty-five days rendered the sentencing order conditional or otherwise not final until the motion to reconsider was denied. The result, we find, would be the same in either case, but for purposes of this opinion we will consider the substantive issue in the case, in lieu of dismissing the appeal on procedural grounds.

STANDARD OF REVIEW
¶ 10. Our standard of review of a trial court's judgment on sentencing matters is very deferential. In this regard we have held:
As a general rule, a sentence that does not exceed the maximum period allowed *1045 by statute will not be disturbed on appeal. Wallace v. State, 607 So.2d 1184, 1188 (Miss.1992). Generally, the imposition of a sentence is within the discretion of the trial court, and appellate courts will not review the sentence, if it is within the limits prescribed by statute. Reynolds v. State, 585 So.2d 753, 756 (Miss.1991).
Towner v. State 837 So.2d 221, 227 (¶ 20) (Miss.Ct.App.2003).

DISCUSSION
¶ 11. The crime for which Cameron was convicted was "strong arm robbery." This term "strong arm robbery" has come to be used commonly to refer to simple robbery under Mississippi Code Annotated § 97-3-73 (Rev.2000); thus, "strong arm robbery" and simple robbery are the same crime. Clark v. State, 854 So.2d 1086, 1088 (¶ 9) (Miss.Ct.App.2003). The maximum penalty for the crime of robbery under § 97-3-73 is fifteen years. Miss.Code Ann. § 97-3-75 (Rev.2000). Therefore, since the trial court sentenced Cameron to ten years, with five years suspended, the sentence imposed falls clearly within the statutory range. Because of this, we need go no further in discussing this issue. As our supreme court has held, "The trial judge is the ultimate decision maker as to whether or not to accept a plea of guilt and is also solely responsible for determining the appropriate sentence." Robinson v. State, 836 So.2d 747, 751 (¶ 10) (Miss.2002) (emphasis added).
¶ 12. Although we could stop here, we will nonetheless briefly address each of Cameron's arguments.
¶ 13. Cameron's first argument states that the circuit court erred in not conducting a thorough review of the record. In support of this argument, Cameron cites us generally to the case of Gulley v. State, 870 So.2d 652, 655-56 (¶ 8) (Miss. 2004). We find that this argument plainly lacks merit, for at least three reasons. First, the record does not establish that the circuit court failed to conduct a thorough review of the record. Judge Aycock was not the judge who entered the original sentencing order; however, Judge Aycock was in possession of the record of the prior proceedings and, in addition, she conducted a hearing on the motion in which the testimony of various witnesses was considered. Thus, we do not find from our review of the record that Judge Aycock failed herself to review the record before rendering her opinion; on the contrary, we find in the record ample evidence for the conclusion that the trial court's decision was based upon the record and the testimony presented at both hearings.
¶ 14. Second, the fact that the trial judge may not have conducted a thorough review of the record (a fact which, as noted, we do not find to be established in the record) is of little moment, given the facts of this case. The reservation of the right to review the sentence within three hundred sixty-five days was apparently an act of leniency or grace on the part of Judge Bowen, and Cameron was never guaranteed any particular level of review or scrutiny upon review of his sentence within the allotted time. Judge Aycock exercised her discretion in (a) even agreeing to hear the motion to reconsider (something she was not required to do in any event, since the original sentencing order contained a reservation of the right to review, not a firm commitment or positive requirement that the sentence would be reviewed within three hundred sixty-five days) and (b) in leaving untouched the original sentence, a sentence that would not have been improper in the first instance, as it fell squarely within the statutory guidelines.
*1046 ¶ 15. Third, the aspect of the Gulley case, cited by Cameron in support of this argument, deals specifically with the requirement of the trial court to review the record in post-conviction relief proceedings. Id. We find this citation to the Gulley case to lend little support to Cameron's argument because, as previously noted, Cameron does not clearly state his own procedural posture on this appeal. For instance, in his original brief, he argues occasionally that his motion to reconsider was a motion for post-conviction relief; however, in his reply brief, in specifically responding to the State's contention that his appeal should be procedurally barred, he argues that the original sentencing order was not a final judgment until his motion to reconsider had been denied. On that basis, he contends that his appeal here is procedurally proper as a direct appeal of the final sentencing judgment. He does not make these arguments in the alternative, he simply vacillates back and forth between them; thus, we are unsure as to which argument he actually intended to advance. Yet, notwithstanding this vacillation in Cameron's argument, we find that the first two reasons we stated above would render Cameron's first argument meritless, whichever theory he intended to pursue. This is because, as a post-conviction relief motion or as a direct attack upon the sentencing order, it appears that the trial court did, in fact, adequately review the record.
¶ 16. Cameron's second argument states that the trial court abused its discretion in basing its decision to deny the motion to reconsider on the fact that Cameron had entered a guilty plea. In support of this argument, Cameron cites generally to the case of Leatherwood v. State, 539 So.2d 1378 (Miss.1989). This argument also lacks merit, for at least two reasons. First, we do not find the Leatherwood case to stand for this proposition advanced by Cameron. The Leatherwood case deals with issues surrounding the imposition of the death penalty after a guilty plea, in addition to a detailed discussion of ineffective assistance of counsel. Id. Thus, we are somewhat puzzled by Cameron's citation to this case, as we do not find the Leatherwood case to say that a trial court may not consider a guilty plea in deciding whether or not to grant a motion to reconsider the length of a previously imposed sentence. Second, we can find no abuse of discretion in the trial court's basing its decision in part upon the fact that Cameron had entered into a plea agreement with the State. The fact that Cameron had already bargained for the original sentence he then sought to challenge was a very relevant factor that the trial court was well within its discretion to consider.
¶ 17. Cameron's third argument states that the circuit court abused its discretion in denying the motion to reconsider without hearing direct testimony from Cameron. In support of this argument, Cameron cites us generally to the case of Holt v. State, 650 So.2d 1267 (Miss. 1994). This argument also lacks merit, for at least two reasons. First, we do not find the Holt case to stand for this proposition advanced by Cameron. The Holt case dealt in general with whether it was error for a trial court to conduct an evidentiary hearing on a motion for post-conviction relief without the presence of a prosecutor. Id. We find nothing in the Holt case that would require a trial court to hear testimony from the defendant before ruling on a motion to reconsider a prior sentencing order. Second, from our review of the transcript of the hearing on Cameron's motion to reconsider, it appears that Cameron's counsel never requested that Cameron be allowed to testify. Thus, Cameron may not now assert as error something *1047 that he did not bring up before the trial court. Bates v. State, 879 So.2d 519, 522 (¶ 7) (Miss.Ct.App.2004).
¶ 18. Therefore, we find Cameron's arguments to lack merit, and we find no reversible error in the trial court's judgment.
¶ 19. THE JUDGMENT OF THE CIRCUIT COURT OF LEE COUNTY OF CONVICTION OF STRONG ARM ROBBERY AND SENTENCE OF TEN YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, WITH FIVE YEARS SUSPENDED, DURING WHICH DEFENDANT SHALL BE PLACED UNDER POST-RELEASE SUPERVISION, AND ORDERED TO PAY A FINE OF $500 AND RESTITUTION OF $500 TO THE MISSISSIPPI CRIME VICTIMS COMPENSATION FUND, IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LEE COUNTY.
KING, C.J., BRIDGES AND LEE, P.JJ., IRVING, CHANDLER, GRIFFIS, BARNES AND ISHEE, JJ. CONCUR.