ROBERTS, J.,
 

 for the Court:
 

 ¶ 1. As a result of Norman Arthur Stan-bro Ill’s failure to report to the Mississippi Department of Corrections (MDOC) following his guilty plea in the Circuit Court of Harrison County for driving under the influence, the trial court found Stanbro in contempt of court. As punishment for its finding of contempt, the trial court revisited Stanbro’s sentence imposed in connection with his guilty plea and added an additional six months of incarceration. Stanbro now appeals the trial court’s finding of contempt and subsequent punishment imposed as a result. Finding that the trial court no longer had jurisdiction to amend Stanbro’s sentence given in connection with his DUI conviction, we reverse the amended sentence and render to reinstate his original sentence.
 

 FACTS AND PROCEDURAL HISTORY
 

 ¶ 2. On October 20, 2008, Stanbro was indicted on two counts that alleged he was guilty of felony driving under the influence in violation of (Count I) Mississippi Code Annotated section 63-ll-30(l)(a) (Supp. 2008) and (Count II) Mississippi Code Annotated section 63-ll-30(l)(c) (Supp.2008). Both counts alleged that Stanbro had been twice previously convicted of DUI within five years of each other, subjecting him to the enhanced penalties of Mississippi Code Annotated section 63-ll-30(2)(c) (Supp. 2008). He subsequently pled guilty to Count II during a hearing on May 18, 2009, in the first judicial district of the Circuit Court of Harrison County.
 
 [1]
 
 The trial court accepted Stanbro’s guilty plea and sentenced him in accordance with the State’s recommendation of five years in the custody of the MDOC with one year to serve and four years suspended followed by three years of post-release supervision. Additionally, the trial court ordered Stan-bro to pay a $2,000 fíne and other costs. Finally, the trial court “pass[ed] [Count I] to the files,” essentially dismissing the remaining count against Stanbro.
 

 ¶ 3. As part of its overall recommendation, the State also agreed, subject to the court’s approval, that Stanbro could report to the Harrison County Jail by 12:00 p.m. on June 15, 2009, to begin serving his sentence. The trial court agreed to this delay, but the court sternly warned Stan-bro of the potential costs of missing the reporting deadline. Specifically, the court stated: “Now, I caution you: Should you fail to present yourself at [12:00 p.m. on
 
 *524
 
 June 15, 2009], then there will be a warrant issued for you immediately, and I still retain jurisdiction over the matter and it won’t just be one year to serve, okay?”
 

 ¶ 4. On Monday, June 15, 2009, at some point prior to 12:00 p.m., Stanbro’s attorney approached the trial court while discussing an unrelated matter during a docket call and explained that Stanbro had injured his finger in a table saw accident. Stanbro’s attorney stated that Stanbro had scheduled a number of plastic surgeries over the next three weeks and requested the trial court sign an agreed order delaying Stanbro’s report date until July 15, 2009. Subsequently, the following colloquy occurred:
 

 TRIAL COURT (TC): I think we’re going to have to bring him in.
 

 STANBRO’S ATTORNEY (SA): I can do that. I’ve got — •
 

 TC: Because as I remember, I retained jurisdiction- — ■
 

 SA: You did.
 

 TC: — over it that I could—
 

 SA: You did retain jurisdiction.
 

 TC: Okay. Because I don’t know that I have adjudicated him since I retained jurisdiction.
 

 SA: I think you did. I think you adjudicated—
 

 TC: Bring him in. Bring him in Friday.
 

 SA: Friday?
 

 TC: Yeah.
 

 SA: I can do that. I can do that. Do I need an order extending his reporting date from today to keep him from getting in trouble at the jail or anything, because he’s supposed to be out there today.
 

 TC: No, as long as I’m here.
 

 SA: As long as you’re here.
 

 ¶ 5. On Wednesday, June 17, 2009, the trial court issued a warrant for Stanbro in which it ordered that Stanbro “be held without bond for his contempt of court hearing on [Friday,] June 19, 2009[,].... ” The hearing subsequently was held on June 19, 2009, and the trial court found Stanbro guilty of contempt for not reporting to the Harrison County Jail by 12:00 p.m. on Monday, June 15, 2009.
 
 [2]
 
 In connection with the trial court’s finding of contempt, it amended Stanbro’s sentence. In the amended sentencing order, the trial court added the following paragraph:
 

 The defendant was thereupon ordered to the Mississippi Department of Corrections no later than 12:00 p.m. on June 15, 2009. The defendant having failed to report on June 15, 2009[,] and having failed to satisfy the [trial court] at a hearing on June 19, 2009[,] as to why his original sentence should not be amended for his failure to appear, the [trial court] resentences the defendant to Five (5) Years and suspends Three (8) Years and Six (6) Months leaving Eighteen (18) Months to serve in the custody of the Mississippi Department of Corrections[,] and he is remanded into the custody of the Sheriff to await transportation.
 

 Stanbro subsequently filed this appeal.
 

 DISCUSSION
 

 WHETHER THE TRIAL COURT ERRED IN FINDING THE APPELLANT IN CONTEMPT OF COURT AND AMENDING HIS SENTENCE
 

 ¶ 6. As the only consequence of finding Stanbro in contempt, the trial court stated in its contempt of court order “that
 
 *525
 
 the sentencing order of May 18, 2009[,] shall be amended to reflect a sentence of Five (5) Years ... [with] Eighteen (18) Months to serve.... ” Stanbro argues that the trial court erroneously found him in contempt of court and should be estopped from amending the original sentence. The State counters that this Court should affirm the trial court’s amended sentence as the trial court neither abused its discretion in altering the sentence nor in finding Stanbro in contempt.
 

 ¶ 7. Mississippi Code Annotated section 99-35-101 (Supp.2009), as amended effective July 1, 2008, forbids any defendant who has pled guilty from directly appealing his conviction
 
 or sentence.
 
 The only avenue of appeal available to those individuals who plead guilty, either in connection with their plea or sentence imposed, is to petition for post-conviction relief under the Mississippi Uniform Post-Conviction Collateral Relief Act. Although the State chose not to pursue this point, it could be argued that this Court lacks the jurisdiction to hear Stanbro’s appeal as it attacks a portion of the sentence imposed pursuant to his guilty plea. However, we find that a more appropriate characterization of Stanbro’s appeal is an appeal of the trial court’s finding of contempt and subsequent “punishment” for the contempt, which happened to be in the form of an additional six months to serve for Stan-bro’s felony DUI conviction. Therefore, we shall review the merits of Stanbro’s direct appeal.
 

 ¶ 8. Typically, our first inquiry would be whether the trial court found the contem-nor had committed civil or criminal contempt.
 
 See In re Williamson,
 
 838 So.2d 226, 237 (¶ 29, 31) (Miss.2002). However, in this case, the classification of contempt is irrelevant as the trial court was not authorized to amend Stanbro’s sentence imposed in connection with his guilty plea for DUI. The trial court did not punish Stanbro in accordance with Mississippi Code Annotated section 9-1-17 (Supp. 2009), which allows for a term of imprisonment of not more than thirty days in connection with a finding of contempt, but amended the sentence handed down on May 18, 2009.
 

 ¶ 9. As the State points out, trial courts typically enjoy a fair amount of discretion in sentencing defendants so long as the sentence imposed is within the “range provided by the [L]egislature.”
 
 Bell v. State,
 
 759 So.2d 1111, 1115 (¶ 18) (Miss.1999). Furthermore, a trial court possesses “ ‘inherent authority’ to alter a sentence until [the] regular term of court expires.”
 
 Leverette v. State,
 
 812 So.2d 241, 244 (¶ 11) (Miss.Ct.App.2002) (citing
 
 Miss. Comm’n on Judicial Performance v. Russell,
 
 691 So.2d 929, 944 (Miss.1997)). But while Stanbro’s sentence was within the statutory range, at the time the trial court amended Stanbro’s sentence it no longer possessed the authority to do so as the trial court was no longer in the same term of court as when Stanbro was initially sentenced. Furthermore, it is apparent from the trial transcripts that the trial court assumed it retained jurisdiction to alter Stanbro’s sentence. However, even if such was the case, the supreme court has held that a court speaks only though its written orders.
 
 Temple v. State,
 
 671 So.2d 58, 58-59 (Miss.1996). The trial court’s written sentencing order contained no reservation of sentencing jurisdiction.
 

 ¶ 10. The State of Mississippi Judicial Directory and Court Calendar for 2009 lists the court terms for the first judicial district of Harrison County. Stanbro was initially sentenced on May 18, 2009, during the May term, which began on May 4, 2009, and ended on May 25, 2009. His sentence was subsequently amended on June 19, 2009, during the June term, which
 
 *526
 
 began on June 1, 2009, and ended on June 29, 2009. As the trial court did not amend Stanbro’s sentence during the term in which the sentence was originally imposed, we must reverse and render that portion of Stanbro’s sentence for felony DUI that was added as a result the trial court’s finding of contempt — namely, the additional six months to serve. Therefore, we reverse the trial court’s amended sentencing order that was filed on June 19, 2009, and render judgment to reinstate the original sentencing order filed on May 18, 2009.
 

 ¶ 11. THE JUDGMENT OF THE CIRCUIT COURT OF HARRISON COUNTY OF CONVICTION OF CONTEMPT AND AMENDED SENTENCE OF FIVE YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, WITH EIGHTEEN MONTHS TO SERVE AND THREE YEARS AND SIX MONTHS OF POST-RELEASE SUPERVISION, AND TO PAY A $2,000 FINE, $100 TO THE MISSISSIPPI CRIME VICTIMS’ COMPENSATION FUND, AND $50 TO THE HARRISON COUNTY CRIME LAB, IS REVERSED AND RENDERED, AND THE ORIGINAL SENTENCE OF FIVE YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, WITH TWELVE MONTHS TO SERVE AND FOUR YEARS OF POST-RELEASE SUPERVISION, AND TO PAY A $2,000 FINE, $100 TO THE MISSISSIPPI CRIME VICTIMS’ COMPENSATION FUND, AND $50 TO THE HARRISON COUNTY CRIME LAB, IS REINSTATED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO HARRISON COUNTY.
 

 KING, C.J., LEE AND MYERS, P.JJ., IRVING, GRIFFIS, ISHEE AND MAXWELL, JJ., CONCUR. BARNES AND CARLTON, JJ., CONCUR IN RESULT ONLY WITHOUT SEPARATE WRITTEN OPINION.
 

 [1]
 

 . Stanbro’s petition to enter a plea of guilty stated that he wished to plead guilty to violating section 63 — 11—30(l)(a). However, it is clear from the plea colloquy that Stanbro pled guilty to violating section 63-1 l-30(l)(c).
 

 [2]
 

 . It is apparent from the transcript of the June 19, 2009, hearing that there was some confusion as to the trial court's intention in ordering Stanbro to appear in court on June 19, 2009.