GRIFFIS, P.J.,
 

 for the Court:
 

 ¶ 1. Rico Kiwanis Dunlap appeals the judgment of the DeSoto County Circuit Court that dismissed his motion for post-
 
 *1142
 
 conviction collateral relief. He claims that: (1) the circuit court resentenced him in violation of his due-process rights and the Fifth Amendment’s protection against double jeopardy; (2) his counsel was ineffective in failing to object to this re-sentencing; and (3) the circuit court improperly dismissed his motion without an evidentiary hearing. We find no error in the court’s modification of Dunlap’s sentence. Therefore, we affirm.
 

 FACTS
 

 ¶ 2. Dunlap was charged with Count I— possession of cocaine with the intent to sell under Mississippi Code Annotated section 41-29-139(a)(l) (Rev.2009), Count II — felon in possession of a firearm under Mississippi Code Annotated section 97-37-5 (Supp.2010), and Count III — possession of marijuana under Mississippi Code Annotated section 41-29-139. He was charged as a recidivist and as a habitual offender in Counts I and II.
 

 ¶ 3. On November 27, 2007, Dunlap entered a plea of guilty to all three charges. Under Count I, he was sentenced to twenty-five years, with fifteen to serve followed by ten years of post-release supervision. On Count II, Dunlap was sentenced to three years to be served concurrently with the sentence in Count I. Count III was remanded to the file.
 

 ¶ 4. On November 30, 2007, Dunlap appeared before the circuit court again on the State’s motion to set aside the sentence while in term. The State presented evidence that, after Dunlap had entered his guilty plea and was sentenced on November 27th, he was searched by the De-Soto County Sheriffs Department prior to his incarceration. The officer who conducted the search found a bag on Dunlap’s person containing cocaine, marijuana, and hydrocodone.
 

 ¶ 5. Dunlap admitted that he was carrying the drugs. The State requested that Dunlap be resentenced due to the high probability that Dunlap possessed the drugs when he appeared in court to enter his guilty plea. The circuit judge modified Dunlap’s time to serve on Count I to a twenty-five-year sentence with twenty years to serve and five years of post-release supervision.
 

 ¶ 6. Dunlap filed his motion for post-conviction relief. He claimed that his re-sentencing was a violation of his due-process rights and the Fifth Amendment’s prohibition against double jeopardy. The circuit court dismissed the motion finding that it had the authority to amend the sentence within the same term of court. Dunlap now appeals the circuit court’s judgment.
 

 STANDARD OF REVIEW
 

 ¶ 7. A circuit court’s dismissal of a motion for post-conviction collateral relief will not be reversed on appeal absent a finding that the trial court’s decision was clearly erroneous.
 
 Williams v. State,
 
 872 So.2d 711, 712 (¶ 2) (Miss.Ct.App.2004). However, when reviewing issues of law, this Court’s proper standard of review is de novo.
 
 Brown v. State,
 
 731 So.2d 595, 598 (¶ 6) (Miss.1999).
 

 ANALYSIS
 

 1. Re-sentencing
 

 ¶ 8. Dunlap asserts several violations as a result of the circuit court’s decision to resentence him to serve twenty years instead of fifteen years on Count I. He claims: (1) the re-sentencing constituted double jeopardy; (2) his due-process rights were violated because the circuit court did not advise him that his sentence could be appealed to the supreme court and because he was not allowed to with
 
 *1143
 
 draw his guilty plea before a harsher sentence was imposed; and (3) he was entitled to an evidentiary hearing before he was resentenced.
 

 ¶ 9. What Dunlap fails to recognize is that the circuit judge did not sentence Dunlap a second time for the same crime; instead, the circuit judge exercised his ‘“inherent authority’ to alter a sentence until [the] regular term of court expires.”
 
 Leverette v. State,
 
 812 So.2d 241, 244 (¶ 11) (Miss.Ct.App.2002) (citing
 
 Miss. Comm’n on Judicial Performance v. Russell,
 
 691 So.2d 929, 944 (Miss.1997));
 
 see also Ales v. State,
 
 921 So.2d 1284, 1286 (¶ 9) (Miss. Ct.App.2006) (holding that the amendment of a defendant’s sentence is within the circuit court’s jurisdiction if done before the expiration of the same term of court);
 
 Pegues v. State,
 
 840 So.2d 721, 726 (¶ 19) (Miss.Ct.App.2002) (affirming defendant’s re-sentencing within the same term of court after defendant’s skirmish with courtroom deputies). Thus, the re-sentencing did not constitute double jeopardy.
 

 ¶ 10. Further, despite Dunlap’s contention, “a trial court is not required to inform a defendant who pleads guilty of his right to appeal the resultant sentence.”
 
 Cook v. State,
 
 990 So.2d 788, 793 (¶ 11) (Miss.Ct. App.2008) (citing
 
 Coleman v. State,
 
 979 So.2d 731, 733 (¶ 6) (Miss.Ct.App.2008)).
 

 ¶ 11. His claim that he was entitled to a hearing or to withdraw his plea on Count I before he was resentenced also fails. Dunlap did not enter a separate guilty plea on Count I for which another hearing was necessary. The circuit court had already accepted Dunlap’s guilty plea as voluntarily and knowingly entered. Dunlap was specifically informed that the circuit judge had the authority to sentence him to the maximum sentence of sixty years on Count I. He acknowledged this and affirmatively entered his guilty plea. The circuit court’s amendment of his time to serve did nothing to change Dunlap’s testimony or the circuit court’s finding that his guilty plea was knowingly and voluntarily entered.
 

 ¶ 12. The circuit judge had complete authority to modify Dunlap’s time to serve on the sentence in Count I. Accordingly, this issue has no merit.
 

 2. Ineffective Assistance of Counsel
 

 ¶ 13. Dunlap also claims that his counsel was ineffective because counsel failed to object to the re-sentencing based on double jeopardy. To prove ineffective assistance of counsel, Dunlap must show that: (1) his counsel’s performance was deficient, and (2) this deficiency prejudiced his defense.
 
 Strickland v. Washington,
 
 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The burden of proof rests with Dunlap to show both prongs.
 
 McQuarter v. State,
 
 574 So.2d 685, 687 (Miss.1990). Under
 
 Strickland,
 
 there is a strong presumption that counsel’s performance falls within the range of reasonable professional assistance.
 
 Strickland,
 
 466 U.S. at 689, 104 S.Ct. 2052. To overcome this presumption, Dunlap must “show that there is a reasonable probability that, but for counsel’s unprofessional errors, the result of the proceeding would have been different.”
 
 Id.
 
 at 694, 104 S.Ct. 2052. In eases involving post-conviction collateral relief, “where a party offers only his affidavit, then his ineffective assistance of counsel claim is without merit.”
 
 Vielee v. State,
 
 653 So.2d 920, 922 (Miss.1995).
 

 ¶ 14. Dunlap has failed to prove any deficiency on the part of his counsel. His only claim is that his counsel did nothing while the circuit court changed his sentence. However, as discussed above, this alteration of his sentence was within the inherent power of the circuit court. Because Dunlap has failed to prove the first
 
 *1144
 
 prong of the
 
 Strickland
 
 test, his claim for ineffective assistance must fail. Therefore, this issue has no merit.
 

 3. Evidentiary Hearing
 

 ¶ 15. Finally, Dunlap argues that the circuit court erred in summarily dismissing his motion for post-conviction relief without first conducting an evidentiary hearing. However, “[t]he trial court may summarily dismiss a motion for post-conviction relief ‘if it plainly appears from the face of the motion, any annexed exhibits and the prior proceedings in the case that the mov-ant is not entitled to any relief.’ ”
 
 Burrough v. State,
 
 9 So.3d 368, 371 (¶ 6) (Miss.2009) (quoting Miss.Code Ann. § 99-39-11(2) (Rev.2007)).
 

 ¶ 16. The circuit court entered a detailed order in which each of Dunlap’s claims were fully addressed. It was clear from the motion that Dunlap was not entitled to the relief requested; therefore, the circuit court properly dismissed the motion. Accordingly, this issue has no merit.
 

 ¶ 17. THE JUDGMENT OF THE CIRCUIT COURT OF DESOTO COUNTY DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO DESOTO COUNTY.
 

 LEE, C.J., IRVING, P.J., MYERS, BARNES, ISHEE, ROBERTS, CARLTON AND MAXWELL, JJ., CONCUR.