# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2021-CP-01040-COA

**DERRIC McDONALD**                                                   **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**                                                **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 06/10/2021 |
| TRIAL JUDGE: | HON. JOHN KELLY LUTHER |
| COURT FROM WHICH APPEALED: | TIPPAH COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | DERRIC McDONALD (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: ASHLEY LAUREN SULSER |
| NATURE OF THE CASE: | CIVIL - POST-CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 11/22/2022 |
| MOTION FOR REHEARING FILED: | |

**BEFORE CARLTON, P.J., GREENLEE AND McCARTY, JJ.**

**CARLTON, P.J., FOR THE COURT:**

¶1. Derric McDonald pleaded guilty to sexual battery and possession of child pornography. For each conviction, the Tippah County Circuit Court sentenced McDonald to serve thirty years in the custody of the Mississippi Department of Corrections (MDOC), with twenty years suspended and ten years to serve. After McDonald failed to report to jail to serve his sentence, the circuit court held a resentencing hearing and resentenced McDonald to seventy years in the custody of the MDOC, with forty years suspended and thirty years to serve.

¶2. McDonald filed a PCR motion, which the circuit court denied. McDonald now appeals, asserting the following assignments of error: (1) the circuit court lacked jurisdiction

to resentence McDonald; (2) his guilty plea was involuntary; (3) he received ineffective assistance of counsel; and (4) the State committed misconduct during the resentencing hearing. After our review, we find no error. We therefore affirm the circuit court's judgment.

**FACTS**

¶3. On February 12, 2018, McDonald pleaded guilty to sexual battery and possession of child pornography. The circuit court sentenced McDonald to thirty years on the sexual battery conviction, with twenty years suspended and ten years to serve. For the child pornography conviction, the circuit court sentenced McDonald to thirty years, with twenty years suspended and ten years to serve. The circuit court ordered the sentences to run concurrently. McDonald was also required to register as a sex offender.

¶4. At the defense counsel's request, the circuit court allowed McDonald, who was out on bond, to have an extra two weeks to take care of his affairs before reporting to jail. The circuit court retained jurisdiction over McDonald's case, and the plea hearing transcript reflects that the circuit court judge warned McDonald that he would be resentenced and receive a greater sentence if he failed to report to jail by the required date. McDonald confirmed that he understood. In the sentencing order, the circuit court judge memorialized his decision to allow McDonald two weeks to report to jail and the warning of resentencing if McDonald failed to timely report: "[T]he Defendant shall report to the Tippah County Sheriff's Office February 28, 2018, at 4 pm. The Court reserves a 365[-]day right of review

2

until his successful reporting."

¶5. Rather than reporting to jail, McDonald absconded to Mexico. The circuit court then issued a bench warrant for McDonald's arrest. McDonald was eventually arrested approximately eleven months later.

¶6. The circuit court held a resentencing hearing on February 4, 2019. At the hearing, the State requested that the circuit court exercise its 365-day right of review and resentence McDonald. The circuit court exercised its right of review and resentenced McDonald to the following: forty years in the custody of the MDOC for the child pornography conviction, with forty years suspended, and thirty years in the custody of the MDOC on the sexual battery conviction, followed by five years of post-release supervision, for a total sentence of seventy years in the custody of the MDOC, with forty years suspended and thirty years to serve. The circuit court ordered that the two sentences run consecutively to each other.

¶7. McDonald filed a PCR motion, arguing the following: the circuit court lacked jurisdiction to resentence him; his guilty plea was involuntary; he received ineffective assistance of counsel; and the State committed misconduct during the resentencing hearing. The circuit court denied McDonald's PCR motion.

¶8. McDonald now appeals.

## STANDARD OF REVIEW

¶9. "This Court reviews the denial or dismissal of a PCR motion for abuse of discretion." *Wilson v. State*, 294 So. 3d 101, 103 (¶6) (Miss. Ct. App. 2020). "We will only reverse if the

3

[circuit] court's decision is clearly erroneous." *Id*. "Questions of law are reviewed de novo." *Id*.

## DISCUSSION

### I.      Jurisdiction to Resentence McDonald

¶10.    McDonald argues that because the term of court for his initial conviction and sentence had ended, the circuit court lacked jurisdiction to resentence him.  In support of his assertion, McDonald cites *Creel v. State*, 944 So. 2d 891 (Miss. 2006), and *Mississippi Commission on Judicial Performance v. Russell*, 691 So. 2d 929 (Miss. 1997).

¶11.    We agree that "[u]nder most circumstances, circuit courts do not have jurisdiction to resentence convicted felons." *Creel*, 944 So. 2d at 893 (¶6). "In the absence of some statute authorizing such modification, . . . once the case has been terminated and the term of court ends, a circuit court is powerless to alter or vacate its judgment." *Id*.; *see also Russell*, 691 So. 2d at 944 ("[C]ircuit court judges [do not] have inherent authority to modify sentences after the end of the term of court during which the sentence given."); MRCrP 1.3(c) ("[A] criminal sentence cannot be modified, altered, or vacated after the end of the term of court in which the defendant was sentenced, except as provided by law.").

¶12.    The State argues, however, that in the present case, McDonald's criminal case had not been terminated, and he had not yet reported to prison.  The State also maintains that the circuit court's original sentencing order reflects that the court had "retained [jurisdiction] for the purpose of enforcing Defendant's sentence."  The State therefore asserts that McDonald's

case is more like *Stanbro v. State*, 43 So. 3d 522 (Miss. Ct. App. 2010). In *Stanbro*, the circuit court orally retained jurisdiction to alter the defendant's sentence if he failed to report to jail. *Id*. at 523-24 (¶3). Stanbro did not report, so the circuit court found him in contempt and accordingly amended Stanbro's sentence. *Id*. at 524 (¶5). On appeal, this Court found that the circuit court failed to properly retain jurisdiction to resentence Stanbro, explaining that "[t]he [circuit] court's *written sentencing order contained no reservation of sentencing jurisdiction*." *Id*. at 525 (¶9) (emphasis added) (noting that "a court speaks only through its written orders"). As a result, this Court held that the circuit court erroneously resentenced Stanbro outside the term of court. *Id*. This Court then reversed the amended sentencing order and vacated the portion added for contempt, rendering judgment to reinstate the original sentencing order. *Id*. at 526 (¶10).

¶13. In the present case, although the circuit court resentenced McDonald outside the term of court, the written sentencing order clearly states that the court had reserved a 365-day right to review McDonald's sentence.[1] McDonald was originally sentenced on February 12, 2018, and his resentencing hearing occurred on February 4, 2019, just within the 365-day window. Furthermore, the Mississippi Supreme Court has held that "after the term of court during which the defendant was sentenced has passed, 'the circuit judge's sole authority in the case was to determine whether or not all or a portion of the original suspended sentence should

_____

[1] *See generally Cameron v. State*, 919 So. 2d 1042, 1043-45 (¶¶1, 14) (Miss. Ct. App. 2005) (recognizing the circuit court's 365-day right to judicial review, which the circuit court memorialized in a written sentencing order).

be revoked.'" *Russell*, 691 So. 2d at 937 (citing *Campbell v. State*, 430 So. 2d 851, 853 (Miss. 1983); *Lewis v. State*, 414 So. 2d 435 (Miss. 1982)). The circuit court originally had suspended twenty years of McDonald's thirty-year sexual-battery sentence, but upon resentencing, the circuit court judge revoked the suspended portion of this sentence, explaining "I'm not going to suspend any of the imposition of the [thirty] years on the sexual battery charge."

¶14. After our review, we find that based on the facts of this particular case, the circuit court possessed the authority to resentence McDonald.

## II. Involuntary Guilty Plea

¶15. McDonald next argues that his guilty plea was involuntary because he was not informed of the consequences of failing to report to jail. Specifically, McDonald claims that he was not told that if he failed to self-report, he could not later withdraw his guilty plea.

¶16. In his appellate brief, McDonald admits that the circuit court "did make the Appellant aware that non-reporting could lead to the court resentencing him to 70 years in prison without parole." The transcript from the guilty plea hearing reflects the following exchange between the circuit court judge and McDonald:

> [COURT]: I'm going to allow Mr. McDonald to self-report to the Tippah County Jail no later than 4:00 p.m. on February 28th, 2018. Mr. McDonald, one minute late is too late. . . . I'm going to reserve a 365-day right of review over your sentence. What that means is if you forget where the jailhouse is on February 28th and don't make it or if you have any problems between now and then, I can re-sentence you and I would have the opportunity to give

6

|                | you 70 years in prison without parole. You understand that? |
|----------------|-----------------------------------------------------------|
| [McDONALD]:    | Yes.                                                      |
| [COURT]:       | That would be a high price to pay.                        |

McDonald's signed plea petition also shows that he understood that the circuit court would retain a 365-day right of review of his sentence.

¶17. In *Dunlap v. State*, 70 So. 3d 1140, 1143 (¶11) (Miss. Ct. App. 2011), this Court found no merit to a petitioner's claim that he was entitled to withdraw his guilty plea before he was resentenced. This Court explained that "[t]he circuit court had already accepted [the petitioner's] guilty plea as voluntarily and knowingly entered. [The petitioner] was specifically informed that the circuit judge had the authority to sentence him to the maximum sentence of sixty years[,] . . . and [the petitioner] acknowledged this and affirmatively entered his guilty plea." *Id*. This Court further stated that "[t]he circuit court's amendment of [petitioner's] time to serve did nothing to change [the petitioner's] testimony or the circuit court's finding that his guilty plea was knowingly and voluntarily entered." *Id*.

¶18. Similarly, the circuit court here found that McDonald's guilty plea was knowingly and voluntarily entered, and this finding is supported by the record before us. Therefore, as in *Dunlap*, we find that resentencing McDonald to serve additional time "did nothing to change [his] testimony or the circuit court's finding that his plea was knowingly and voluntarily entered." *Id*. We find no merit to this issue.

### III. Ineffective Assistance of Counsel

7

¶19. McDonald also argues that his counsel was ineffective for failing to object during the resentencing hearing. McDonald further claims that because the circuit court lacked the authority to resentence him, his counsel should have moved to withdraw McDonald's plea or have his original sentence apply.

¶20. Mississippi Code Annotated section 99-39-9(1)(d) (Rev. 2020) requires that a PCR motion must contain "[a] separate statement of the specific facts which are within the personal knowledge of the petitioner and which shall be sworn to by the petitioner." Additionally, "[a] defendant's claims of ineffective assistance of counsel must be pled with specificity, and the claim must be supported by affidavits other than his own." *Moore v. State*, 248 So. 3d 845, 851 (¶15) (Miss. Ct. App. 2017) (citation omitted). "When a movant fails to attach any supporting affidavits and relies solely on his own sworn motion, his ineffective-assistance claim must fail." *Id.*; *see also Hickerson v. State*, 336 So. 3d 1134, 1142 (¶20) (Miss. Ct. App. 2022).

¶21. Upon reviewing the record, we find that McDonald failed to comply with the requirements for an ineffective-assistance-of-counsel claim by failing to attach any affidavits to his PCR motion. Accordingly, his claim must fail.

### IV. Misconduct by the State

¶22. Finally, McDonald claims that the State committed "misconduct" by asking the circuit court to exercise its right of review and resentence McDonald after the term of court had ended. However, as stated above, the circuit court did retain jurisdiction to resentence

McDonald.  This issue therefore lacks merit.

## CONCLUSION

¶23.    After our review, we find that the circuit court did not err in denying McDonald's

PCR motion.

¶24.    **AFFIRMED.**

    **BARNES, C.J., WILSON, P.J., GREENLEE, WESTBROOKS, McDONALD, LAWRENCE, McCARTY, SMITH AND EMFINGER, JJ., CONCUR.**